SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.
OPINION
JUSTICE DOUGHERTY
We granted discretionary review to determine whether the enhanced sentence imposed on appellant, Samuel Anthony Monarch, due to his failure to submit to chemical testing was unconstitutional. The Superior Court acknowledged enhanced penalties for a failure to submit to warrantless blood testing violate the Fourth Amendment to the United States Constitution under Birchfield v. North Dakota , --- U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), but nevertheless determined appellant's enhanced sentence was not unconstitutional because he also refused to submit to breath testing. We hold the Superior Court erred in this regard and, accordingly, *53 we reverse that court's order, vacate appellant's judgment of sentence, and remand for resentencing.
At approximately 11:00 a.m. on July 17, 2015, Donna Peltier, appellant's mother, called the Franklin County 911 Emergency Services Center to report that appellant was intoxicated and had just driven away from her residence with his eight-year-old daughter, G.M. N.T. 2/12/16 at 146. When Officer Steven Barnes of the City of Franklin Police Department arrived at Ms. Peltier's residence, he encountered Ms. Peltier and Marcy Lusher, appellant's girlfriend, both of whom appeared upset. Id. at 148. Both Ms. Peltier and Ms. Lusher stated appellant left the residence within the last half hour and was intoxicated when he left. Id. at 149. Other officers were dispatched to the surrounding area to search for appellant's vehicle and to check on G.M.'s safety. Id. at 192-93. After observing appellant's vehicle parked outside of his residence, Officer Aaron Campbell knocked on appellant's door, spoke with appellant and confirmed that G.M. was safely inside the residence. Id. at 193. Appellant told Officer Campbell he had not been driving but instead walked from his mother's house. Id. at 196. In response, another officer, Lieutenant Kevin Anundson, went to where appellant's vehicle was parked, heard a clicking sound coming from the engine, and felt that the hood of the vehicle was very warm to the touch. Id. at 213. Officer Campbell also observed appellant's speech was slurred, he was having difficulty standing, he smelled of alcohol, and he had glassy, bloodshot eyes. Id. at 195. Based on these observations, Officer Campbell twice asked appellant to complete field sobriety tests and twice asked appellant to submit to blood and breath tests. Id. at 201, 204. Following appellant's refusals, Officer Campbell placed him under arrest. Id. at 204.
Appellant was transported to the City of Franklin Police Station and his arrest was processed by Officer Barnes. Id. at 151. Officer Barnes asked appellant whether he would submit to blood or breath testing and he once again refused. Id. at 152. Officer Barnes then read the PennDOT DL-26 form to appellant, which included a warning that he would be subject to enhanced criminal penalties if he refused chemical testing, and appellant nonetheless again refused to submit to chemical testing. Id. at 153. Appellant was charged with endangering the welfare of a child and driving under the influence (DUI).[1] At the conclusion of his jury trial, the court instructed the jury that if they found appellant guilty of DUI they would also have to "make a finding either he did not or did refuse the testing of blood." Id. at 317. The jury ultimately found appellant guilty of both charges and also found appellant "did refuse testing of blood." Id. at 321. Based on the jury's finding appellant refused to submit to a blood test and his prior convictions for DUI, the gradation of appellant's DUI conviction was increased pursuant to the former 75 Pa.C.S. § 3803(b)(4),[2] and he *54 became subject to a mandatory minimum term of one year imprisonment pursuant to the former 75 Pa.C.S. § 3804(c)(3)(i).[3] Based on the foregoing, the trial court sentenced appellant to one to five years' incarceration for the DUI conviction and a concurrent term of five years' probation for the endangering the welfare of a child conviction. See Sentencing Order, 3/24/16 at 1, 7.
Appellant filed an appeal to the Superior Court and raised three issues in his Pa.R.A.P. 1925(b) statement, none of which are at issue in this appeal. See Appellant's Rule 1925(b) Statement, 6/20/16 at 1-2. In his brief to the Superior Court, however, petitioner raised an additional claim - that the imposition of an enhanced penalty based upon his refusal to submit to a warrantless blood test was unconstitutional under Birchfield , which was decided after he filed his Rule 1925(b) statement.[4] Appellant's Superior Court Brief at 29-33. In response, the Commonwealth argued appellant waived his Birchfield claim for failing to raise it in his Rule 1925(b) statement and, in any event, Birchfield was not retroactive. Commonwealth's Superior Court Brief at 22-23. Recognizing this claim implicated the legality of appellant's sentence, the Superior Court held it was not waived. Commonwealth v. Monarch , 165 A.3d 945, 952 n.3 (Pa. Super. 2017), citing Commonwealth v. Barnes , 637 Pa. 493, 151 A.3d 121, 124 (2016). However, the panel held the former Section 3804(c)(3)(i) was not unconstitutional as applied to appellant since he also refused the testing of breath and Birchfield specifically held enhanced penalties for refusing to consent to a breath test did not violate the Fourth Amendment to the United States Constitution. Id. at 952, citing Birchfield , 136 S.Ct. at 2186.
We accepted review to consider the following question raised by appellant: "Was [appellant] given impermissible enhanced penalties, as expressed in Birchfield [ ], for his refusal to consent to chemical testing?" Commonwealth v. Monarch , --- Pa. ----, 179 A.3d 3 (2018) (per curiam ). As we are presented with a question of law, our scope of review is plenary and non-deferential. Commonwealth v. Ali , 637 Pa. 371, 149 A.3d 29, 34 (2016).
*55 Appellant contends his enhanced sentence, which was based on his refusal to submit to a warrantless blood test, is unlawful under Birchfield . Although he recognizes he failed to raise the issue before the trial court, appellant submits this claim implicates the legality of his sentence and is thus nonwaivable. Appellant's Brief at 15-16, citing Commonwealth v. Dickson , 591 Pa. 364, 918 A.2d 95, 99 (2007) ; Commonwealth v. Aponte , 579 Pa. 246, 855 A.2d 800, 802 n.1 (2004). Appellant also relies on our decision in Barnes , which held "where the mandatory minimum sentencing authority on which the sentencing court relied is [unconstitutional], and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal." Id. at 17, quoting Barnes , 151 A.3d at 127. Appellant contends it is clear his enhanced mandatory minimum sentence is illegal because the mandatory minimums in the former Section 3804(c)(3)(i) are unconstitutional under Birchfield when based on the refusal of warrantless blood testing and, without the "mandatory minimum, the court would have had significant discretion to order a sentence less than one year." Id. at 19-20.
Appellant also cites numerous cases from the Superior Court, both published and unpublished, which have addressed the retroactivity of Birchfield . Id. at 20-33. Most significantly, appellant emphasizes the Superior Court has applied Birchfield retroactively, even where the issue was not specifically preserved, in cases where a defendant refused blood testing and was sentenced to enhanced penalties. Id. at 22, citing Commonwealth v. Giron , 155 A.3d 635 (Pa. Super. 2017). Appellant submits the Superior Court has never declined to apply Birchfield retroactively in a case where a defendant refused to submit to chemical testing and was sentenced to an enhanced penalty, which indicates a Birchfield challenge to a sentencing claim is not waived for failure to raise the issue in the trial court. Appellant's Brief at 32-33. As such, appellant argues Birchfield requires that he be resentenced without the enhanced penalty. Id. at 35.
Finally, appellant addresses the Superior Court's conclusion that his sentence was not unconstitutional because he also refused the testing of breath. Appellant contends his refusal to submit to breath testing cannot be disentangled from his refusal to submit to blood testing as "refusing breath testing and blood testing would have the same result as just refusing blood testing." Id. at 36-37. In essence, appellant argues that once he refused the blood test there would be no reason to submit to a breath test as he already would have been subject to the enhanced penalties. Id. at 38. Ultimately, appellant submits there is nothing in the record to indicate he knowingly and voluntarily refused to submit to breath testing as there is no way to know "whether [he] would have consented to breath testing had he known that he could not be forced to undergo blood testing." Id at 36-37 (emphasis omitted).
Preliminarily, the Commonwealth concedes " Birchfield made clear that individuals who refuse a warrantless blood draw cannot thereafter be charged with a separate criminal charge for the refusal, nor can they be subject to enhanced penalties as a consequence for refusal." Commonwealth's Brief at 7 (emphasis omitted). The Commonwealth further agrees that the Superior Court, following Birchfield , "has repeatedly held illegality of sentence to be a valid method of challenging the imposition of an enhanced penalty under [the former Section] 3804(c) and that the appropriate remedy is remand for resentencing." Id. The Commonwealth maintains, however, the retroactive application of Birchfield *56 does not entitle this appellant to relief because a remand for resentencing "is only appropriate in instances where an enhancement was imposed solely on the basis of refusal of warrantless blood testing and not in instances where warrantless breath testing was refused." Id. (emphasis omitted). The Commonwealth therefore submits the former Section 3804(c) still applies to appellant as he knowingly and voluntarily refused to undergo breath testing.[5] Id. at 10.
As a general rule, "in order for a new rule of law to apply retroactively to a case pending on direct appeal, the issue had to be preserved at all stages of adjudication up to and including the direct appeal." Commonwealth v. Jones , 571 Pa. 112, 811 A.2d 994, 1005 (2002) (internal citations and quotations omitted). "However, an exception to the issue-preservation requirement exists where the challenge is one implicating the legality of the appellant's sentence." Barnes , 151 A.3d at 124. We agree with the parties and the Superior Court that appellant's Birchfield claim implicates the legality of his sentence and is therefore nonwaivable. In Barnes , we held "where the mandatory minimum sentencing authority on which the sentencing court relied is rendered void on its face, and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal." Id. at 127. Appellant's main contention is that Birchfield rendered his enhanced mandatory sentence under the former Section 3804(c)(3)(i) unconstitutional. Appellant further argues there was no additional authority under which the trial court was required to sentence him to the mandatory minimum term of one year imprisonment. As such, appellant's claim implicates the legality of his sentence and he is entitled to a merits review of that claim, which includes the retroactive application of Birchfield .
As to the merits, we also agree with the parties and the Superior Court that appellant's enhanced mandatory minimum sentence under the former Section 3804(c)(3)(i), based on his refusal to submit to a warrantless blood test, was rendered unconstitutional by the Birchfield decision. In Birchfield , three defendants were arrested for driving under the influence and informed it was a crime to refuse to submit to chemical testing. 136 S.Ct. at 2170-72.[6] Defendant Birchfield refused to submit to a blood test while defendant Bernard refused to submit to a breath test. Id. at 2170-71. Birchfield was charged under North Dakota's refusal statute and Bernard was charged under Minnesota's refusal statute, both of which make it a *57 crime to refuse to submit to chemical testing. Id. On appeal to the Supreme Court, both defendants claimed the Fourth Amendment to the United States Constitution prohibited criminalizing refusals of warrantless chemical testing. Id.
The High Court ultimately affirmed Bernard's conviction, finding "the Fourth Amendment permits warrantless breath tests incident to arrests for drunk driving" as "[t]he impact of breath tests on privacy is slight, and the need for [chemical] testing is great." Id. at 2184. However, the Court reached a different conclusion with respect to blood tests, opining they are "significantly more intrusive [than breath tests], and their reasonableness must be judged in light of the availability of the less invasive alternative of a breath test." Id. Accordingly, the High Court found there to be "no satisfactory justification for demanding the more intrusive alternative without a warrant." Id. The Court, in holding warrantless blood tests cannot be justified by implied consent laws, further stated "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Id. at 2186. As such, the Court concluded "Birchfield was threatened with an unlawful search and that the judgment affirming his conviction must be reversed." Id. In essence, the Court held Birchfield could not be subject to a criminal conviction based on his refusal to submit to an unlawful search.
Although appellant is subject only to enhanced penalties for his refusal to submit to warrantless blood testing, rather than the separate criminal offense at issue in Birchfield , we hold the same analysis applies here. Indeed, the Birchfield Court contemplated that the decision would apply not only to separate criminal offenses but also to enhanced sentencing or other criminal penalties that might arise from refusal. In its discussion of implied consent, the Court stated "[i]t is another matter, however, for a State not only to insist upon an intrusive blood test, but also to impose criminal penalties on the refusal to submit to such a test." Id. at 2185 (emphasis added). Former Section 3804(c)(3)(i) authorized additional criminal penalties based on the refusal to submit to a warrantless blood test. Under Birchfield , it is clear the enhanced mandatory minimum sentences authorized by the statute are unconstitutional when based on a refusal to submit to a warrantless blood test. Accordingly, appellant's mandatory minimum sentence based on his refusal to submit to warrantless blood testing must be vacated.
Additionally, we agree with the Commonwealth that the Superior Court erred in holding appellant's enhanced mandatory minimum sentence under the former Section 3804(c)(3)(i) was valid based on his refusal to submit to breath testing. We conclude Alleyne precludes such a result, and because this issue - like the Birchfield claim - implicates the legality of a sentence, it is nonwaivable and may be raised by this Court sua sponte . Commonwealth v. Holmes , 593 Pa. 601, 933 A.2d 57, 60 (2007). As we recognized in Commonwealth v. Hopkins , 632 Pa. 36, 117 A.3d 247 (2015), Alleyne held " '[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.' " 117 A.3d at 258, quoting Alleyne , 570 U.S. at 103, 133 S.Ct. 2151. Although appellant's enhanced mandatory minimum sentence may have been constitutional under Birchfield if the jury made a finding he refused to submit to a breath test, it is clear that was not the case. The jury was specifically instructed to consider whether appellant "did not or did refuse the testing of blood" and specifically found appellant "did refuse testing of blood." N.T. 2/12/16 *58 at 317, 321. However, the question of whether appellant refused breath testing was not submitted to the jury, and any sentence based on such a refusal is thus unconstitutional in violation of Alleyne .
As there was no legal basis for appellant's enhanced mandatory minimum sentence of one year imprisonment, we reverse the order of the Superior Court, vacate appellant's judgment of sentence, and remand to the trial court for resentencing consistent with this opinion.
Jurisdiction relinquished.
Chief Justice Saylor and Justices Baer, Todd, Donohue, Wecht and Mundy join the opinion.

18 Pa.C.S. § 4304(a)(1) and 75 Pa.C.S. § 3802(a)(1), respectively.

The version of Section 3803(b)(4) under which the gradation of appellant's DUI conviction was increased stated, in relevant part, as follows: "An individual who violates [75 Pa.C.S. § ]3802(a)(1) where the individual refused testing of blood or breath ... and who has one or more prior offenses commits a misdemeanor of the first degree." Act of September 30, 2003, P.L. 120, No. 24, § 16, amended November 29, 2004, P.L. 1369, No. 177, § 2, amended May 8, 2012, P.L. 255, No. 39, § 1, amended October 27, 2014, P.L. 2905, No. 189, § 1, former 75 Pa.C.S. § 3803(b)(4). The language was changed following the Supreme Court's decision in Birchfield and the increased gradation now applies only to the refusal of breath testing and the refusal of chemical testing pursuant to a valid search warrant. See 75 Pa.C.S. § 3803(b)(4).

The version of Section 3804(c)(3)(i) under which appellant was sentenced stated, in relevant part, as follows: "An individual who violates [75 Pa.C.S. § ]3802(a)(1) and refused testing of blood or breath ... shall be sentenced ... [f]or a third or subsequent offense, to [ ] undergo imprisonment of not less than one year[.]" Act of September 30, 2003, P.L. 120, No. 24, § 16, amended November 29, 2004, P.L. 1369, No. 177, § 3, amended May 11, 2006, P.L. 155, No. 36, § 3, amended May 8, 2012, P.L. 255, No. 39, § 2, former 75 Pa.C.S. § 3804(c)(3)(i). The language was changed following the Supreme Court's decision in Birchfield and the enhanced penalties now apply only to the refusal of breath testing and the refusal of blood testing pursuant to a valid search warrant. See 75 Pa.C.S. § 3804(c)(3)(i).

In Birchfield , the United States Supreme Court considered the constitutionality of warrantless blood and breath tests incident to DUI arrests and the imposition of criminal penalties based on the refusal of those tests. 136 S.Ct. at 2166-67. The High Court held the Fourth Amendment of the United States Constitution ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ...") permits warrantless breath tests, but not warrantless blood tests. Id. at 2184-85. The Court additionally stated implied consent laws do not justify warrantless blood tests because "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Id. at 2186. As a result, the Court held criminal sanctions imposed based on the refusal of warrantless blood testing are unconstitutional. Id.

During oral argument, however, counsel for the Commonwealth conceded - with remarkable and admirable candor - that an enhanced sentence for a breath test refusal would be unconstitutional as applied to appellant, because the jury made a specific finding he refused blood testing, but made no separate finding regarding his refusal of breath testing. See Alleyne v. United States , 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (facts increasing mandatory minimum sentences must be submitted to jury for finding beyond a reasonable doubt).

Birchfield involved three defendants: Danny Birchfield who was criminally prosecuted in North Dakota for refusing a warrantless blood test after being arrested for DUI; William Robert Bernard, Jr. who was criminally prosecuted in Minnesota for refusing a warrantless breath test after being arrested for DUI; and Steven Michael Beylund who was arrested for DUI in North Dakota and submitted to a warrantless blood test. Birchfield , 136 S.Ct. at 2170-72. As the present appeal involves a refusal to submit to chemical testing, we need only discuss the cases of Birchfield and Bernard.