**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ANTHONY P. BARTORELLI | : | No. 2165 EDA 2018 |

Appeal from the PCRA Order Entered June 18, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005671-2016

BEFORE:  BENDER, P.J.E., BOWES, J., and NICHOLS, J.

MEMORANDUM BY BOWES, J.:                                   **FILED JUNE 25, 2019**

The Commonwealth of Pennsylvania appeals from the June 18, 2018 order granting Appellee Anthony P. Bartorelli PCRA relief in the nature of resentencing in light of ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (June 23, 2016).  After review, we affirm.

We glean the following facts from the affidavit of probable cause appended to the criminal complaint.  On August 31, 2016, Marple Township police responded to a call reporting that someone had been driving recklessly with a flat right front tire.  The vehicle was described as a dark blue pickup truck that was stopped at the corner of Anthony Avenue and Lori Lane in Broomall, Delaware County.  When Officer John Murrin located the vehicle, it was occupied and the engine was running.  A witness approached and told the

officer that he followed the vehicle to that location after it almost struck him by the Haverford Preserve.

At that time, the operator of the truck attempted to drive away, prompting the officer to activate his overhead lights. The vehicle stopped, and Appellee exited the truck. He walked to the rear of his vehicle, asked the officer what was the problem, and stated that he had a flat tire. The officer described Appellee as unsteady on his feet, with bloodshot eyes, and noted a strong odor of alcohol emanating from him. In response to the officer's inquiry as to whether he had been drinking, Appellee stated he had one drink earlier that morning. Appellee told the officer he had hit a curb. Officer Murrin advised Appellee that he was under investigation for driving while intoxicated. His performance on a field sobriety test indicated impairment and a breath test was also administered, which showed levels of alcohol of .127. According to the affidavit of probable cause, Officer Murrin concluded that, based on his experience and observations, Appellee was under the influence of alcohol to a degree that he could not safely operate a motor vehicle on the highway, and he placed Appellee under arrest.

The officer issued the chemical test warnings and asked Appellee to submit to a blood test. Appellee refused. After he was placed in the patrol vehicle, police read the DL-26B form to him, and he again refused to submit to a blood test. Appellee refused a third time after being placed in a cell and apprised of the contents of the form.

On October 24, 2016, Appellee, represented by counsel, entered a negotiated plea to driving while under the influence – general impairment (blood test refusal), second offense, which was graded as a first-degree misdemeanor. He was sentenced as agreed upon to ninety days to twenty-four months in a state correctional institution, followed by three years of state probation, a $1,500 fine, and a $100 assessment for evaluations. He did not file a post-sentence motion or direct appeal.

On October 25, 2017, Appellee filed a timely *pro se* PCRA petition in which he alleged that plea counsel was ineffective for refusing to file a requested appeal on his behalf. The court appointed PCRA counsel, who filed an amended PCRA petition on January 23, 2018. In the amended petition, Appellee averred that plea counsel was ineffective for failing to file the requested direct appeal as he could have argued that Appellee's plea was involuntarily entered pursuant to an unconstitutional sentencing enhancement statute, and further, that his sentence was illegal based on **Birchfield** and its progeny. Appellee alleged there was a strong likelihood that, if counsel had raised these issues, he would not have entered a guilty plea to the ninety day to two-year sentence of incarceration. Moreover, since he was not advised that the sentence was illegal, his guilty plea was involuntary and unknowing. He asked that his guilty plea be vacated and that he be granted a new trial or other appropriate relief.

Following a hearing on May 24, 2018, at which the parties offered no evidence, the PCRA court ruled that the issue was one of legality of sentence and that the sentence was illegal. The court vacated the sentence and ordered resentencing. The Commonwealth timely appealed, and both the Commonwealth and the PCRA court complied with Pa.R.A.P. 1925.

The Commonwealth presents one issue for our review: "Were the increased penalties for a DUI conviction where the motorist refuses a blood test rendered 'void on their face' by **Birchfield v. North Dakota**, even though the court held that exigent circumstances or a search warrant can still justify such penalties?" Commonwealth's brief at 2.

At the urging of both parties, the PCRA court applied **Commonwealth v. Giron**, 155 A.3d 635 (Pa.Super. 2017), in which this Court held that, "pursuant to **Birchfield** . . . a defendant who refuses to provide a blood sample when requested by police is not subject to the enhanced penalties provided in 75 Pa.C.S.A. §§ 3803-3804."[1] Since the defendant was subjected to enhanced penalties for his refusal to provide a blood sample in that case, we held that his sentence was illegal and remanded for resentencing. In accordance with **Giron**, the PCRA court herein concluded that Appellee's

_____

[1] The PCRA court also applied our unpublished, non-precedential decision in **Commonwealth v. Braddock,** 2017 WL 1394012 (Pa.Super. 2017), which relied upon **Giron**.

enhanced penalties for refusing to provide a blood sample constituted an illegal sentence, cognizable under the PCRA, and ordered re-sentencing.

The Commonwealth concedes that **Giron** is controlling, but contends that the case was wrongly decided. The Commonwealth relies upon **Commonwealth v. Barnes**, 151 A.3d 121, 127 (Pa. 2016), for the proposition that Appellee is not serving an illegal sentence because the increased penalties for refusing a blood test were not rendered "void on their face" by **Birchfield**. Rather, the Commonwealth asserts that **Birchfield** merely held that implied consent to blood testing compelled by criminal penalties was unconstitutional, not that the increased penalties for breath test refusal were "void on their face." The Commonwealth points out that the **Birchfield** Court did not prohibit enhanced penalties for refusing a blood draw where there was a valid search warrant or a warrantless search based on exigent circumstances.

The Commonwealth argues further that our Supreme Court's subsequent grant of *allocatur* in **Commonwealth v. Braddock**, 174 A.3d 572, 573 (Pa. 2017), purportedly to address whether this Court improperly expanded the illegal sentencing doctrine by relying upon **Giron** to vacate Braddock's sentence on a non-preserved constitutional issue, signaled its

intent to overrule *Giron* on this basis.[2]  It is the Commonwealth's position that Appellee is not serving an illegal sentence, and hence, he is not entitled to resentencing.

Appellee maintains first that *Giron* is controlling and correct, and that it renders his sentence illegal.  He also argues that since plea counsel improperly advised him that he was subject to a mandatory minimum and permitted him to plead to an illegal sentence, his guilty plea was involuntarily entered.  He directs our attention to *Commonwealth v. Melendez-Negron*, 123 A.3d 1087 (Pa.Super. 2015), where we held that plea counsel was ineffective for allowing the defendant to plead guilty to a sentence based on a mandatory minimum sentencing enhancement.  In that case, we vacated the guilty plea and remanded the case, concluding that the misunderstanding of the potential sentence tainted the negotiations process.  Appellee maintains that he is entitled to similar PCRA relief based on *Melendez-Negron*.

---

[2] *Allocatur* was granted in *Commonwealth v. Braddock*, 174 A.3d 572 (Pa. 2017) on the issue:

> Whether the Superior Court, relying on *Commonwealth v. Giron*, 2017 PA Super 23, 155 A.3d 635 (Pa. Super. 2017), improperly expanded the illegal sentencing doctrine when it vacated Braddock's sentence on a non-preserved constitutional issue, holding that *Birchfield v. North Dakota*, 136 S.Ct. 2160, 195 L. Ed. 2d 560 (2016), rendered enhanced penalties under 75 Pa.C.S. §§ 3803-3804 illegal, even though *Birchfield* recognized exigent circumstances or a search warrant can still justify increased penalties for a blood test refusal?

The question presented herein is one of law. Hence, our scope of review is plenary and non-deferential. *Commonwealth v. Monarch*, 200 A.3d 51, 54 (Pa. 2019). When reviewing the propriety of an order granting or denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa.Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super. 2014) (*en banc*)). We are limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.

Preliminarily, we note that we are dealing with the application of *Birchfield* in the context of the PCRA rather than on direct appeal. Although this Court recently held in *Commonwealth v. Olson*, 179 A.3d 1134, 1139 (Pa.Super. 2018), that *Birchfield* does not apply retroactively to cases pending on collateral review, *Olson* is not controlling herein as retroactivity is not implicated. Unlike *Olson*, Appellee was arrested, pled guilty, and was sentenced post-*Birchfield*. Thus, *Birchfield* was law at the time of Appellee's arrest.

Second, although Appellee pled guilty on October 24, 2016, roughly four months after *Birchfield*, to DUI-general impairment, as defined in 75 Pa.C.S. §3802(a)(1), the negotiated sentence reflects the mandatory minimum sentence applicable pre-*Birchfield* for second DUI offenses with blood test

refusal. In short, it appears that the Commonwealth and plea counsel negotiated a plea as if **Birchfield** had not been decided.[3]

Third, after the parties filed their briefs in this appeal, the Supreme Court affirmed our unpublished decision in **Braddock**, relying upon its decision in **Commonwealth v. Monarch**, 200 A.3d 51 (Pa. 2019). **Commonwealth v. Braddock**, 201 A.3d 735 (Pa. 2019) (*per curiam*). In **Monarch**, our High Court concluded, consistent with our decision in **Giron**, that an enhanced sentence for blood test refusal was an illegal sentence.

Monarch was convicted under the former § 3803(b)(4), which provided that if one violated 75 Pa.C.S. § 3802(a)(1), refused testing of blood or breath, and had one or more prior offenses, he committed a first-degree misdemeanor. He was sentenced under § 3804(c)(3)(i), based on a third or subsequent offense, to a mandatory minimum sentence of imprisonment of not less than one year. **Birchfield** was thereafter decided, and Monarch argued for the first time on direct appeal that his enhanced sentence for refusal to submit to a warrantless blood test was unlawful under **Birchfield**. Monarch relied upon the language in **Barnes**, *supra*, holding that "where the mandatory minimum sentencing authority on which the sentencing court

---

[3] Although the sentence imposed is similar to the mandatory minimum sentence pre-**Birchfield**, there was no specific reference at sentencing to the mandatory minimum. However, the written guilty plea colloquy indicates that Appellee was pleading guilty to "DUI –Tier III 2nd offense," a 1st degree misdemeanor with a maximum penalty of five years in jail and a $5,000 fine, and "[t]he mandatory minimum sentence for this crime is 90 days in jail and a $1,000 fine." Guilty Plea Statement, 10/24/16, at 2.

relied is [unconstitutional], and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal." **Barnes**, **supra** at 127. He argued that without the mandatory minimum based on the refusal, the court would have been permitted to exercise its discretion and impose a sentence less than one year. **Monarch**, **supra** at 55.

The Supreme Court agreed that Monarch's **Birchfield** claim implicated the legality of his sentence, and was therefore, non-waivable. In arriving at that holding, it cited favorably the language in **Barnes** regarding sentences based on facially-void mandatory minimum sentencing authority, and held that "any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal." **Barnes**, **supra** at 127.

Regarding the merits, the Court concluded that, under **Birchfield**, the enhanced mandatory minimum sentences authorized by statute were unconstitutional when based on a refusal to submit to a warrantless blood test. The Court vacated Monarch's mandatory minimum sentence based on the blood test refusal and remanded for resentencing.

Thus, our High Court has spoken for purposes of direct appeal: an enhanced sentence for refusal to submit to a warrantless blood test is an illegal sentence that presents a non-waivable issue on appeal. The former §§ 3803 and 3804 provided that individuals who refused a blood or breath test, and who were subsequently convicted of DUI-general impairment, would be

subject to the same penalty and grading as an individual convicted of DUI-highest rate of alcohol. Where, as here, the individual also had a prior offense, the former § 3803(b)(4) graded the offense as a first-degree misdemeanor. Since the Commonwealth has not advanced any argument that the issue merits different treatment herein because it arises in the context of a timely PCRA petition rather than on direct appeal, we do not address that question.[4] We find no error on the part of the PCRA court in concluding that Appellee's sentence was illegal, and that he was entitled to be resentenced.[5]

That finding, however, does not dispose of the instant appeal. Appellee contends that relief in the nature of resentencing is not the proper remedy

_____

[4] We note, however, that illegal sentencing challenges premised on **Alleyne v. United States**, 570 U.S. 99 (2013), raised in timely PCRA petitions where **Alleyne** was decided prior to judgment of sentence being final, have been held to be cognizable under the PCRA. **Compare Commonwealth v. DiMatteo**, 177 A.3d 182 (Pa. 2018) (holding that where appellant failed to raise on direct appeal the illegality of his mandatory minimum sentence under **Alleyne**, which was decided five days after sentencing, he could challenge the legality of his sentence in a timely PCRA petition because his judgment of sentence was not final when **Alleyne** was decided); **Commonwealth v. Ruiz**, 131 A.3d 54 (Pa.Super. 2015) (holding that petitioner serving a mandatory minimum sentence who filed a timely PCRA petition when his judgment of sentence was not final at the time **Alleyne** was decided, was entitled to a new sentence); **with Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015) (holding petitioner was not entitled to relief on an illegal mandatory minimum sentencing claim raised in a timely PCRA petition as his judgment of sentence was final prior to decision in **Alleyne**).

[5] We would be remiss if we failed to point out that, since Appellee consented to a breath test, he did not refuse "breath **or** chemical testing." Thus, the statute's refusal provisions were wholly inapplicable, and there should not have been any sentencing enhancement.

- 10 -

herein. Appellee asserts that plea counsel was ineffective in negotiating a plea to an illegal sentence, and that the misunderstanding as to his potential sentence tainted the negotiations process and led to an unintelligent and involuntary plea. He maintains that the PCRA court should have vacated the guilty plea and remanded for further proceedings in accordance with *Melendez-Negron*, *supra*.

We note first, Appellee is now seeking different relief than the PCRA court awarded. However, he did not file an appeal or cross-appeal raising this issue. While an appellee is not required to file a cross-appeal simply because the court below ruled against him on an issue, a cross-appeal is necessary where the appellee contends that he did not obtain the relief sought, which is the situation herein.[6] *See* Pa.R.A.P. 511, Note. Hence, we find that Appellee failed to preserve this claim for appellate review.

In addition, after a thorough review of the record, we find that Appellee abandoned his claim that his guilty plea should be vacated at the September 24, 2018 hearing. At the conclusion of argument, the parties acknowledged on the record that they were in agreement that, "there's no further testimony required, no reason to augment the record, and that the court could rely on

_____

[6] A cross-appeal was not necessary in *Commonwealth v. Melendez-Negron*, 123 A.3d 1087 (Pa.Super. 2015), to reach the issue of the propriety of resentencing on similar facts because it was the Commonwealth, as the appellant, who argued that the proper relief was to vacate the guilty plea.

- 11 -

the record."[7]  N.T., 9/24/18, at 11.  Shortly thereafter, the court turned to

Petitioner/Appellee's counsel and asked:

> THE COURT: So you suggest that I should provide [Appellee] with the relief that you are requesting based on the law today, even though the law is in flux?
>
> [PETITIONER/APPELLEE'S COUNSEL]:  It's – we don't know it's in flux.  We know it's being reviewed.  We – [the District Attorney] predicts, obviously that's from the Commonwealth's perspective, that it's going to be reversed, in which case you're right.  Then he would be subject to the enhancement.  But as of right today the law in Pennsylvania is that he should not have been subject to that enhancement, and he's doing eight months for a second offense, third –
>
> THE COURT: And the relief –
>
> [PETITIONER/APPELLEE'S COUNSEL]: --tier DUI.
>
> **THE COURT: And the relief you're asking for is a new sentencing hearing?**
>
> **[PETITIONER/APPELLEE'S COUNSEL]: Correct.**

N.T., 9/24/18, at 13 (emphasis added).  The PCRA court granted Appellee the

relief he sought, *i.e.*, a new resentencing hearing.  Appellee cannot be heard

now to complain that this was error.

For the foregoing reasons, we affirm the order of the PCRA court, and

remand for resentencing.

_____

[7] Although Appellee pled that plea counsel was ineffective in negotiating the plea, he did not offer any testimony from plea counsel about his strategy or the role the enhanced mandatory minimum sentence played in those negotiations.  Appellee also did not testify as to what counsel advised him regarding the plea.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/19