J-S40041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NZINGA M. CALLENDAR | : | |
| | : | |
| Appellant | : | No. 3318 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 16, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002863-2019

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 16, 2021**

Appellant, Nzinga M. Callendar, appeals from the judgment of sentence of 90 days to two years' imprisonment, followed by three years' probation imposed following the revocation of her intermediate punishment. For the reasons set forth below, we affirm the judgment of sentence.

On July 12, 2019, Appellant entered into a negotiated guilty plea to driving under the influence ("DUI") – general impairment,[1] her second DUI conviction. Pursuant to the plea, the trial court sentenced Appellant on that same day to a term of two years in the intermediate punishment program with 90 days to be served on house arrest with electronic monitoring.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

An arrest warrant was issued on September 3, 2019 based on Appellant's failure to comply with the rules of house arrest. A ***Gagnon II***[2] hearing was held on October 16, 2019. At the hearing, Appellant conceded that she violated the terms of her intermediate punishment. N.T., 10/16/19, at 19. Following the hearing, the trial court issued an order revoking Appellant's sentence of intermediate punishment and resentencing her as described above. Appellant filed a timely appeal of the judgment of sentence.[3]

In this Court, Appellant's counsel filed a petition to withdraw from representing Appellant along with an ***Anders***[4] brief. On October 15, 2020, we issued a memorandum decision denying the petition to withdraw. We first concluded that counsel had complied with the procedural requirements for withdrawal and that the issue raised in the ***Anders*** brief regarding whether Appellant's sentence was unduly harsh and excessive was waived. ***Commonwealth v. Callendar***, No. 3318 EDA 2019, unpublished memorandum at 3-8 (Pa. Super. filed October 15, 2020). However, as part of our independent review of the record, we identified an additional issue of arguable merit related to the legality of Appellant's sentence imposed following the revocation of intermediate punishment. ***Id.*** at 8-13. In light of

---

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

[3] Appellant filed her concise statement of errors complained of on appeal on December 10, 2019. The trial court issued its opinion on January 9, 2020.

[4] ***Anders v. California***, 386 U.S. 738 (1967).

this potentially meritorious issue, we denied the petition to withdraw and directed Appellant's counsel to file an advocate's brief or a new **Anders** brief within thirty days. **Id.** at 13.

Counsel subsequently filed an advocate's brief on behalf of Appellant raising the following issue:

> Did the lower [court] impose an illegal sentence based upon an unconstitutional sentencing enhancement based on the defendant's failure to consent to a chemical test for blood alcohol based upon the Birchfield v. North Dakota, 136 S.Ct. 2160, 195 L.Ed.2nd 560 (US 2016) decision?

Appellant's Brief, 11/16/20, at 8 (unnecessary capitalization omitted). A claim concerning the legality of a sentence is non-waivable and may be raised even when not preserved in the trial court. **Commonwealth v. Hill**, 238 A.3d 399, 409 (Pa. 2020). A claim that a sentence is illegal presents a pure question of law as to which our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Derrickson**, 242 A.3d 667, 673 (Pa. Super. 2020). "If no statutory authorization exists for a particular sentence, that sentence is illegal and must be vacated." **Id.** (citation omitted).

Appellant argues that the trial court improperly sentenced her to an enhanced aggregate sentence of five years' supervision for her DUI conviction based on the refusal of chemical testing where the record before the trial court did not establish the type of chemical testing that Appellant had refused. As Appellant explains in her brief, in **Birchfield v. North Dakota**, 136 S.Ct. 2160 (2016), the United States Supreme Court held that the Fourth Amendment

permits a warrantless breath test as a search incident to arrest, but does not permit a warrantless blood draw in the same situation. *Id.* at 2184-85. The Court further held that motorists cannot be deemed to have given implied consent to a blood test on the pain of committing a criminal offense. *Id.* at 2185-86. The holding of **Birchfield** thus does not permit police to subject a defendant to heightened penalties for refusal of blood testing absent a valid warrant obtained prior to the request. *See Commonwealth v. Monarch*, 200 A.3d 51, 56-58 (Pa. 2019). In response to **Birchfield** but prior to Appellant's arrest here, the Vehicle Code was amended to limit enhanced minimum and maximum penalties for DUI convictions only to refusals of breath tests and refusals of blood tests where the authorities obtained a valid warrant. 75 Pa.C.S. §§ 3803(b), 3804(c); **Monarch**, 200 A.3d at 53-54 nn.2-3 (Pa. 2019) (describing amendments).

Following these amendments to the Vehicle Code, an individual such as Appellant who was convicted of a second violation of Section 3802(a)(1) without the heightened penalty based on a refusal of chemical testing would face a maximum sentence of six months' imprisonment. 75 Pa.C.S. §§ 3803(a)(1), 3804(a)(2)(i). On the other hand, an individual convicted of the same offense who did refuse a request for a breath test or a blood test where a valid warrant was obtained would be subject to an enhanced sentence of a minimum 90 days' imprisonment and maximum 5 years' imprisonment. 75 Pa.C.S. §§ 3803(b)(4), 3804(c)(2)(i); 18 Pa.C.S. § 1104(1).

It is undisputed that Appellant was charged with and pled guilty to a second DUI offense based upon a refusal of chemical testing, Information, 7/12/19, Count II; N.T., 7/12/19, at 4, and Appellant did not challenge this issue on direct appeal from her initial sentence, when the trial court also applied a sentence in the enhanced range. Nevertheless, Appellant argues that the enhanced penalty imposed upon resentencing after her violation of intermediate punishment was illegal as the record below does not set forth whether she had refused a breath test or a blood test, and if a blood test, whether a valid search warrant was obtained prior to testing in compliance with **Birchfield**, **Monarch**, and the Vehicle Code. Appellant points out that the prosecutor's factual recitation of the charge during her guilty plea colloquy established only that she failed field sobriety tests and that "[s]he ended up refusing the chemical test," without any indication of the type of chemical test that was offered to Appellant  N.T., 7/12/19, at 4. Appellant also contends that the criminal complaint is likewise silent on the type of chemical testing that Appellant allegedly refused and whether police applied for or obtained a warrant.

Appellant thus argues that, in the absence of support in the record for the type of chemical test offered and whether a valid warrant was obtained if she was requested to take a blood test, the trial court illegally applied the Vehicle Code's enhanced penalty for a refusal of chemical testing. Appellant accordingly requests that this Court vacate her judgment of sentence and

remand for resentencing within the standard range for a second violation of Section 3802(a)(1).

The Commonwealth argues in response that the record in fact establishes that Appellant was convicted based upon a refusal to submit to a breath test rather than a blood test. The Commonwealth specifically references the affidavit of probable cause supporting the criminal complaint, in which the arresting Pennsylvania State Police trooper averred that after Appellant was arrested and taken to the processing center, she

> read the Lehigh County DUI Processing Center Blood Implied Consent Form. I advised [Appellant] that she has the absolute right to refuse the test. [Appellant] refused to submit to a chemical test. **Furthermore, I read [Appellant] the DL-26 A form; she refused the test and refused to sign the form.**

Criminal Complaint, 6/27/19, Affidavit of Probable Cause, at 2 (emphasis added). The Commonwealth contends that this shows that the trooper first requested that Appellant submit to a chemical blood test, which "she had the absolute right to refuse" and which she did refuse. *Id.* The trooper then read Appellant Department of Transportation Form DL-26A, which applies only to breath testing, and Appellant also refused a breath test. *Id.* The Commonwealth therefore argues that the imposition of an enhanced penalty was in accordance with ***Birchfield***, which does not prohibit the criminalization of warrantless breath tests, and the revised Vehicle Code.[5]

_____

[5] The Commonwealth has also filed in this Court an application to correct the record on appeal to include the DL-26A form that the trooper read to Appellant

We agree with the Commonwealth that the record supports the proper imposition on Appellant of an enhanced penalty for her DUI conviction based upon a refusal to submit to a chemical breath test. It is well-established in our appellate case law that shortly after the decision in **Birchfield**, the Department of Transportation revised its implied consent warning form, Form DL-26, in order to address the changing legal landscape concerning chemical test refusals. **Commonwealth v. Venable**, 200 A.3d 490, 494 n.3 (Pa. Super. 2018); **Commonwealth v. Robertson**, 186 A.3d 440, 442 & n.1 (Pa. Super. 2018); **Garlick v. Department of Transportation, Bureau of Driver Licensing**, 176 A.3d 1030, 1032-33 (Pa. Cmwlth. 2018) (*en banc*). Form DL-26B was created at that time for use when police request blood testing, and this form omitted any mention that a refusal would result in heightened criminal penalties. **Venable**, 200 A.3d at 495-96; **Robertson**, 186 A.3d at 443-45 & n.1. Form DL-26A, on the other hand, was adopted for exclusive use when requesting breath testing, and this form retains the warning that a refusal may result in increased penalties. **Olt v. Department**

---

in this case and which was referenced in the criminal complaint. We note that Appellant refused to stipulate to the proposed correction of the record. Furthermore, the Commonwealth does not represent in its application that the form was actually before the trial court below or that the form was "omitted from the record by error, breakdown in processes of the court, or accident or is misstated therein." Pa.R.A.P. 1926(b). We therefore deny the application. **See Rost v. Ford Motor Co.**, 151 A.3d 1032, 1056 (Pa. 2016) (corrections to the record pursuant to Pa.R.A.P. 1926 "must be directed to ensuring that 'the record truly discloses what occurred in the trial court'" (citation omitted)).

***of Transportation, Bureau of Driver Licensing***, 218 A.3d 1, 4-5 & n.2 (Pa. Cmwlth. 2019).

Here, the criminal complaint alleges that the trooper first requested that Appellant submit to a blood draw, and Appellant refused this request. Criminal Complaint, 6/27/19, Affidavit of Probable Cause, at 2. The trooper then read Appellant Form DL-26A informing her of the implied consent warnings for a breath test and Appellant also refused to submit to a breath test. ***Id.*** Appellant admitted that she committed the DUI offense as charged when she entered the plea, including the fact that her plea was based on a refusal of chemical testing. N.T., 7/12/19, at 4; Guilty Plea Colloquy Form, 7/12/19, at 3. Accordingly, we are persuaded that the record supports the imposition of an enhanced criminal penalty under the Vehicle Code based upon Appellant's refusal of a chemical breath test.

Judgment of sentence affirmed. Application to correct the record denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2021