RENDERED: SEPTEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0133-MR

DRAKE ALAN TOWNE                                                APPELLANT

v.             APPEAL FROM WARREN CIRCUIT COURT
HONORABLE JOHN R. GRISE, JUDGE
ACTION NO. 23-CR-01152

COMMONWEALTH OF KENTUCKY                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Drake Alan Towne directly appeals his conviction for operating a motor vehicle under the influence (DUI), fourth offense, and for first-degree wanton endangerment, entered pursuant to a conditional guilty plea. On appeal, he challenges the Warren Circuit Court's March 16, 2023, order denying his motion to suppress the results of a DUI blood test. After careful review of the briefs, the record, and the law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On April 25, 2021, Towne was arrested at the scene of a vehicle collision for, among other offenses, DUI. He subsequently consented to law enforcement's request for a DUI blood test. Towne was indicted on charges of DUI, fourth offense within ten years, wanton endangerment first degree, criminal mischief first degree, and careless driving.

Towne moved to suppress the results of his DUI blood test, arguing that Kentucky State Trooper Brent Davis had coerced his consent when Trooper Davis told him that his refusal would result in enhanced criminal penalties and be admissible as proof of his guilt on the DUI charge. Trooper Davis's warning was in accordance with Kentucky Revised Statutes (KRS) 189A.105(2)(a),[1] a provision

---

[1] The law in effect at the applicable time stated:

> 189A.105 Effect of refusal to submit to tests; information required to be provided when tests requested; court-ordered testing; withdrawal of blood sample; right to consult attorney before submitting to tests; personal testing option
>
> (1) A person's refusal to submit to tests under KRS 189A.103 shall result in suspension of his or her driving privilege as provided in this chapter.
>
> (2) (a) At the time a breath, blood, or urine test is requested, the person shall be informed:
>
>> 1. That, if the person refuses to submit to such tests:
>>
>>> a. The fact of this refusal may be used against him or her in court as evidence of violating KRS 189A.010 and will result in suspension of his or her driver's license by the court at the time of arraignment; and

of Kentucky's implied-consent law, at the time it was given; however, the above cited portions of the statute were subsequently held unconstitutional in *Commonwealth v. McCarthy*, 628 S.W.3d 18 (Ky. 2021). Specifically, the *McCarthy* Court held that a motorist, "could not be subjected to an enhanced penalty due to his refusal to submit to a warrantless Fourth Amendment search in the form of a blood test." *Id*. at 34. And the Court further held that the provision of KRS 189A.105 permitting the use of a motorist's now-constitutionally-

---

b. Is subsequently convicted of violating KRS 189A.010(1):

    i. For a second or third time within a ten (10) year period, he or she will be subject to a mandatory minimum jail sentence which is twice as long as the mandatory minimum jail sentence imposed if he or she submits to the tests; and

    ii. His or her license will be suspended by the Transportation Cabinet;

2. That, if a test is taken:

    a. The results of the test may be used against the person in court as evidence of violating KRS 189A.010(1); and

    b. The person has the right to have a test or tests of his or her blood performed by a person of his or her choosing described in KRS 189A.103 within a reasonable time of his or her arrest at the expense of the person arrested; and

KRS 189A.105 (2021), 2019 Ky. Acts ch. 103, § 9, eff. 7-1-20 (current version amended effective June 29, 2023).

recognized right of refusal as evidence of guilt of DUI was improper under *Deno v. Commonwealth*, 177 S.W.3d 753 (Ky. 2005). *Id*. at 36.

Despite that Towne consented to the blood test, whereas *McCarthy* involved a refusal, consistent with the arguments of the parties and with *Haney v. Commonwealth*, 653 S.W.3d 559, 568 (Ky. 2022),[2] the circuit court accepted that *McCarthy* was binding. Also consistent with *Haney*, the court held a suppression hearing where it heard testimony from both Trooper Davis and Towne as to whether Towne's consent was voluntary under a totality of the circumstances, including the inaccurate advice as to the consequences of his refusal.

Trooper Davis recounted his interactions with Towne as follows. He was dispatched on April 25, 2021, to a non-injury collision on I-65 involving a car driven by Towne and a semi-truck. He immediately detected the odor of alcohol on Towne's breath. Towne was distraught and upset due to being in a collision, and Towne had even hugged Trooper Davis at the scene. Towne reported to Trooper Davis that he had been texting while driving in the center lane when he lost control of his car, hit a guardrail, and was then struck several times by the semi-truck. Towne admitted to consuming two beers approximately eight hours

---

[2] The *Haney* Court addressed a blood draw that occurred approximately five years before *McCarthy* was rendered and applied the holding in that case retroactively. It ultimately remanded the case to the circuit court for it "to consider whether [the defendant's] consent was voluntary under the totality of the circumstances which included" the same implied consent warning at issue in the case at bar. *Haney*, 653 S.W.3d at 568.

earlier.  Towne refused medical treatment and signed a form to this effect.  Trooper Davis administered field sobriety tests, and Towne completed a preliminary breath test that showed a blood alcohol content of .220.  Trooper Davis arrested Towne, and Towne said that he was extremely sorry for what had happened and that he was relieved no one was injured.

Trooper Davis transported Towne to the hospital for medical clearance and for a blood draw.  At the hospital, Trooper Davis read Towne the implied-consent warning required by KRS 189A.105(2)(a).  He informed Towne that if he refused to submit to the requested blood draw, Towne's driving privileges would be revoked, he would be unable to obtain a hardship license, his refusal could be used as evidence of his guilt, and that, if found guilty of DUI, his mandatory minimum jail sentence would be twice that which would have been imposed if he had submitted.  Towne was given time to contact his attorney, but his attempts were unsuccessful.  Trooper Davis described Towne as emotional, crying and upset because he had just been involved in a collision and because he was under arrest.  Trooper Davis denied that Towne was angry or disrespectful, that there was any perceived tension between them, or that Towne asked any questions about implied consent.  Towne agreed to the requested blood draw.

In his testimony, Towne stated that he remembered going to the hospital and that Trooper Davis had read the implied consent warning to him from

a card. He specifically recalled being told that his failure to submit to the blood test would increase the duration of his possible jail sentence and the period of time his license would be suspended. He would have rejected the blood test had he not been warned of these ramifications or if he had been advised that he had the right to withhold consent. Towne confirmed that he told Trooper Davis at the scene that he had been texting and driving, and that he had consumed two beers earlier in the day. He agreed that he voluntarily provided this information prior to being read the implied consent warning. Towne further agreed that Trooper Davis had not yelled at him or used force on him and that nothing in his demeanor was scary or mean. Rather, Towne agreed that he and the trooper had a pleasant interaction.

The court entered an order denying Towne's suppression motion on March 16, 2023. Therein, the court stated:

> Based on the sum total of the circumstances in the defendant's case, this Court finds consent was voluntarily given. By all accounts, the encounter between the defendant and Trooper Davis was cordial. Mr. Towne testified that the trooper did not shout, yell, or intimidate him. It was even elicited during cross-examination that the two embraced to share a hug. Indeed, the defendant's testimony indicates that the only sources of "coercion" were the penalties threatened by the implied consent warning.

> Furthermore, the defendant was fully conscious and was able to apprehend what Trooper Davis was saying to him. There is no evidence of duplicity or confusion, nor any indication that Mr. Towne was "tricked" into submitting to the blood test. Lastly, we

note that Trooper Davis appears to have acted in good faith by reading an implied consent warning that was current, enforceable law at the time. For all of these reasons, this Court finds that consent was voluntarily given to the blood draw and that the evidence obtained therefrom will not be suppressed.

Following the entry of this order, Towne entered a conditional guilty plea to charges of DUI and wanton endangerment, and the circuit court sentenced him to two years' imprisonment via a January 10, 2024, judgment. This appeal followed.

## STANDARD OF REVIEW

We review a circuit court's denial of a motion to suppress under a two-part analysis. *Cox v. Commonwealth*, 641 S.W.3d 101, 113 (Ky. 2022). First, the circuit court's findings of fact are reviewed for clear error, and we defer to the findings if they are supported by substantial evidence. *Id.* "Substantial evidence is 'evidence, taken alone or in light of other proof, that a reasonable mind would find sufficient to support a conclusion.'" *Id.* (quoting *Goncalves v. Commonwealth*, 404 S.W.3d 180, 189 (Ky. 2013)). Second, we review the circuit court's application of the law to the facts *de novo*, giving no deference to the circuit court's ruling. *Id.*

More specifically, whether Towne's consent to submit to a DUI blood test was voluntary or coerced is a question of fact that must be assessed from a careful scrutiny of all of the surrounding circumstances. *Hampton v.*

*Commonwealth*, 231 S.W.3d 740, 749 (Ky. 2007) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S. Ct. 2041, 2047-48, 36 L. Ed. 2d 854 (1973)); *see also Cook v. Commonwealth*, 826 S.W.2d 329, 331 (Ky. 1992). "Questions of fact are subject to review only for clear error, the most deferential standard of review." *Id.* (citing *Miller v. Eldridge*, 146 S.W.3d 909, 915 (Ky. 2004)).

## ANALYSIS

On appeal, Towne argues that the circuit court erred in finding that his consent was voluntary because it focused on Trooper Davis's demeanor and thereby disregarded that Towne was in his early 20's at the time of his arrest (Towne was less than a month shy of his 25th birthday), his emotional state, the fact that he could not get legal advice, and that the unconstitutional warning was the determinative factor in Towne's consent as he did not want to increase his jail sentence or the duration of his license suspension. The Commonwealth asserts the court's finding is supported by the record and is therefore conclusive on the issue.

Undoubtedly there is no evidence that the interaction between Towne and Trooper Davis was anything but amicable, given the circumstances, but we fail to appreciate how this alleviates the express and directly coercive statement that Towne faced increased penalties if he refused to consent to the blood test. However, we do find support for the court's finding in Towne's testimony that he was concerned with the impact his refusal would have on his license. Indeed, on

appeal, Towne stated unequivocally that avoiding an increased suspension was one of the two determinative factors to him giving consent, the other, unsurprisingly, being the increased minimum jail sentence. Neither *McCarthy* nor any case that this Court is aware of has invalidated the portions of KRS 189A.105 pertaining to license suspension. *See Haney*, 653 S.W.3d at 570 n.11 (Conley, J. concurring). As Towne admittedly consented at least in part to avoid a lawful consequence of his refusal, we agree that the decision was voluntary, and the circuit court did not err in denying his motion to suppress.

Moreover, we agree with the circuit court that Trooper Davis acted in good faith, and we further agree with the Commonwealth that the good faith exception to the exclusionary rule serves as an independent basis for denying suppression.[3]

The exclusionary rule holds that "unlawfully obtained evidence and the fruits resulting therefrom are inadmissible in criminal proceedings." *Parker v. Commonwealth*, 440 S.W.3d 381, 386 (Ky. 2014). The purpose of the rule is to deter future Fourth Amendment violations, but "[w]here suppression fails to yield appreciable deterrence, exclusion is clearly . . . unwarranted." *Davis v. United*

---

[3] Though the trial court found that Trooper Davis acted in good faith, it did not specifically address this exception to the exclusionary rule. The issue was, however, raised by the Commonwealth in its response filed with the circuit court and again to this Court on appeal, and we are permitted to affirm for any reason supported by the record. *Fischer v. Fischer*, 348 S.W.3d 582, 589-90 (Ky. 2011), *abrogated on other grounds by Nami Res. Co., L.L.C. v. Asher Land & Mineral, Ltd.*, 554 S.W.3d 323 (Ky. 2018).

*States*, 564 U.S. 229, 236-37, 131 S. Ct. 2419, 2426-27, 180 L. Ed. 2d 285 (2011) (internal quotation marks omitted).

An exception to the exclusionary rule, recognized both federally and by the Commonwealth, is for good faith conduct by law enforcement. *Parker*, 440 S.W.3d at 386-87. The doctrine was first recognized in the context of police officers conducting searches in objectively reasonable reliance on warrants that were later held invalid and has since been expanded. *Id*. at 386 (citing *United States v. Leon*, 468 U.S. 897, 922, 104 S. Ct. 3405, 82 L. Ed. 2d 677 (1984)). In *Illinois v. Krull*, 480 U.S. 340, 349-50, 107 S. Ct. 1160, 94 L. Ed. 2d 364 (1987), the Supreme Court held that "evidence obtained by an officer acting in objectively reasonable reliance on a statute" need not be suppressed when the statute is later determined to be unconstitutional. And, although Kentucky has yet to apply the specific good faith exception articulated in *Krull*, "we have consistently interpreted Section 10 of our state Constitution in congruence with the Fourth Amendment regarding the application of both rights and remedies." *Parker*, 440 S.W.3d at 387.

Applying *Krull*, the question is whether Trooper Davis's reliance on KRS 189A.105 was objectively reasonable when he advised Towne of the consequences of his decision to refuse a blood draw, 480 U.S. at 349-50, 107 S. Ct. at 1167, and we conclude that it was. Unquestionably, Trooper Davis's warning

was consistent with the plain language of KRS 189A.105, and *McCarthy* was rendered only after the events at issue took place.

Towne suggests that the unconstitutionality of Kentucky's implied consent law was a foregone conclusion in light of *Birchfield v. North Dakota*, 579 U.S. 438, 455, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), undermining Trooper Davis's reasonable reliance on KRS 189A.105, but we cannot agree.

In *Birchfield*, decided approximately four years before *McCarthy*, the United States Supreme Court held that state laws implying a motorist's consent to submit to a DUI blood test *on pain of committing a separate criminal offense* violated Fourth Amendment protections against unreasonable searches. *Id.* However, its application to Kentucky's implied consent statute, which only enhances the minimum penalty if the motorist is ultimately convicted of DUI, was not clear. Indeed, a panel of this Court in *Commonwealth v. Brown*, 560 S.W.3d 873 (Ky. App. 2018), *overruled by implication by McCarthy*, 628 S.W.3d at 33, expressly rejected that *Birchfield* invalidated Kentucky's implied consent statutes. *Brown*, as the only appellate guidance at the time of these events, certainly bolsters the trooper's reliance on the statute.

Moreover, the plain language of *McCarthy* refutes Towne's assertion:

> In closing we acknowledge that some courts have read *Birchfield* very narrowly and have concluded that it does not prohibit statutes such as ours that make refusal to consent to a blood test grounds for enhanced penalties

upon conviction for DUI. *See, e.g.*, *Maine v. LeMeunier-Fitzgerald*, 188 A.3d 183 (Me. 2018); *Vermont v. Rajda*, 208 Vt. 324, 196 A.3d 1108 (2018). Other states recognize, as we do, that the Supreme Court spoke in terms of "criminal penalties" in *Birchfield*, and a criminal penalty imposed after conviction for DUI is no less a penalty than one imposed by a freestanding criminal statute. *See, e.g.*, *Pennsylvania v. Monarch*, 650 Pa. 394, 200 A.3d 51 (2019); *Wisconsin v. Dalton*, 383 Wis.2d 147, 914 N.W.2d 120 (2018); *New Mexico v. Vargas*, 404 P.3d 416 (N.M. 2017).

Accordingly, Trooper Davis's good faith reliance on KRS 189A.105 precludes exclusion of the evidence, and the circuit court did not err in denying Towne's motion to suppress.

## CONCLUSION

For the foregoing reasons, the judgment of the Warren Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Dennie Hardin
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky