J-S40041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NZINGA M. CALLENDAR | : | |
| | : | |
| Appellant | : | No. 3318 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 16, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0002863-2019

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 15, 2020**

Appellant, Nzinga M. Callendar, appeals from the judgment of sentence following the revocation of the intermediate punishment sentence imposed after she was convicted of driving under the influence ("DUI") – general impairment.[1]   Additionally, Appellant's counsel, Michael E. Brunnabend, Esquire, filed a petition to withdraw from representation of Appellant and an ***Anders*** brief.[2]   After careful review, we deny counsel's petition to withdraw and order counsel to submit an advocate's brief or a new ***Anders*** brief within 30 days of the date of this memorandum.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

On July 12, 2019, Appellant entered into a negotiated guilty plea to the above-stated offense. Pursuant to the plea, the trial court sentenced Appellant on that same day to a term of two years in the intermediate punishment program with 90 days to be served on house arrest with electronic monitoring.

An arrest warrant was issued on September 3, 2019 based on Appellant's failure to comply with the rules of house arrest. A *Gagnon II*[3] hearing was held on October 16, 2019. At the hearing, Appellant conceded that she violated the terms of her intermediate punishment. N.T., 10/16/19, at 19. Following the hearing, the trial court issued an order revoking Appellant's sentence of intermediate punishment and resentencing her to 90 days to two years of imprisonment, followed by three years of probation. The trial court directed that Appellant be immediately transferred to a community corrections center and be awarded credit for all time spent in custody. Appellant filed a timely appeal of the October 16, 2019 judgment of sentence.[4]

Before this Court can consider the merits of this appeal, we must first determine whether Attorney Brunnabend has satisfied the requirements for withdrawal. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*). To withdraw, counsel must (1) petition the court for leave

---

[3] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[4] Appellant filed her concise statement of errors complained of on appeal on December 10, 2019. The trial court issued its opinion on January 9, 2020.

to withdraw stating that he has made a conscientious examination of the record and has determined that the appeal would be frivolous; (2) provide a copy of the **Anders** brief to the appellant; and (3) advise the appellant of her right to retain new counsel or proceed *pro se* and to raise any additional points that she deems worthy of the court's attention. **Id.** at 1195-96.

In the **Anders** brief, counsel must:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009). If counsel has satisfied the above requirements, it is then this Court's duty to conduct our own review of proceedings before the trial court and render an independent judgment as to whether the appeal is wholly frivolous. **Yorgey**, 188 A.3d at 1196.

In this case, Attorney Brunnabend filed a petition to withdraw, wherein he asserts that he has made a conscientious review of the record and determined that Appellant's appeal from the trial court's October 16, 2019 judgment of sentence is frivolous. Counsel appended to the petition a copy of an April 28, 2020 letter in which he provided Appellant with a copy of his petition and **Anders** brief and advised her of her right either to retain new counsel or to proceed *pro se* on appeal and raise any points she deems worthy

- 3 -

of this Court's attention.[5]  Petition to Withdraw, 5/1/20, Exhibit A.  In the

*Anders* brief, Attorney Brunnabend summarized the procedural and factual

background of this case, stated that the sentencing issue Appellant sought to

raise was frivolous and that his review of the record revealed no other non-

frivolous appellate issues, and explained the reasons for these determinations.

We therefore conclude that Attorney Brunnabend has complied with the

requirements of *Anders* and *Santiago* and proceed to a review of the merits

of this appeal.

In the *Anders* brief, Attorney Brunnabend presents the issue that

Appellant sought to raise on appeal, namely:

> Whether the lower court abused its sentencing discretion when,
> after determination that [Appellant] had violated [her] probation,
> the court sentenced her to an unduly harsh and manifestly
> excessive sentence?

*Anders* Brief at 8 (unnecessary capitalization omitted).

The revocation of an intermediate punishment sentence is "equivalent

to the revocation of probation."[6]  ***Commonwealth v. Melius***, 100 A.3d 682,

---

[5] Appellant did not file a *pro se* response nor did substitute counsel file an
appearance on her behalf in this Court.

[6] Effective December 18, 2019, the General Assembly repealed the relevant
statutes authorizing the imposition – and modification or revocation – of the
state and county intermediate punishment programs.  Act of December 18,
2019, P.L. 776, No. 115, §§ 4-5 (amending 42 Pa.C.S. § 9763 and repealing
42 Pa.C.S. §§ 9773, 9774); ***Commonwealth v. Hoover***, 231 A.3d 785, 788
n.1, 790 (Pa. 2020) (opinion announcing judgment of the Court).
"[I]ntermediate punishment is now classified as a type of probation." ***Hoover***,
231 A.3d at 790 (citing 42 Pa.C.S. § 9763).  As the imposition and revocation

- 4 -

685 (Pa. Super. 2014); *see also Commonwealth v. Flowers*, 149 A.3d 867, 872–73 (Pa. Super. 2016). Thus, consistent with our standard of review in an appeal from a sentence following revocation of probation, we review the sentence imposed upon Appellant to determine whether the trial court committed an error of law or an abuse of discretion. *Flowers*, 149 A.3d at 873. Our scope of review in such cases "includes the validity of the hearing, the legality of the final sentence, and if properly raised, the discretionary aspects of the appellant's sentence." *Commonwealth v. Kuykendall*, 2 A.3d 559, 563 (Pa. Super. 2010).

The sole issue raised in the *Anders* brief concerns the discretionary aspects of Appellant's sentence. A challenge to the discretionary aspect of a sentence is not appealable as of right. *Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the

of the intermediate punishment sentence preceded this amendment, our review is not impeded by these statutory changes. *Cf. id.* (holding that, because a trial court continues to have the authority to revoke an intermediate punishment sentence "albeit now under the label of probation," the issue presented in that case related to the revocation of county intermediate punishment remained justiciable).

sentence appealed from is not appropriate under the Sentencing Code[.]

*Id.* (citation omitted). A substantial question is present where the appellant advances an argument that the sentence was inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.*

Here, Appellant filed a filed a timely notice of appeal, the *Anders* brief includes a Pa.R.A.P. 2119(f) statement, and the appellate issue raised in the *Anders* brief presents a substantial question that this Court may review on appeal. *See Commonwealth v. Derry*, 150 A.3d 987, 995 (Pa. Super. 2016) (stating that a claim that a violation of probation sentence "is manifestly excessive such that it constitutes too severe a punishment raises a substantial question") (citation omitted). However, Appellant did not preserve her discretionary sentencing issue at the sentencing hearing or in a motion to modify or reconsider the sentence. "To properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion." *Commonwealth v. Clary*, 226 A.3d 571, 579 (Pa. Super. 2020). Failure to preserve a discretionary sentencing issue before the trial court results in waiver. *Commonwealth v. Smith*, 206 A.3d 551, 567 (Pa. Super. 2019). An appellant cannot cure this waiver by including the challenge to the discretionary aspects of sentencing in her Pa.R.A.P. 1925(b) statement.

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 976 (Pa. Super. 2019);

*Commonwealth v. Tejada*, 107 A.3d 788, 798-99 (Pa. Super. 2015).

In cases where appellate counsel petitions for withdrawal and files an *Anders* brief, this Court has excused procedural errors by counsel in the presentation of a discretionary sentencing issue as a result of the Court's obligation to independently review the record to determine whether any non-frivolous issue is present. *See Commonwealth v. Lilley*, 978 A.2d 995, 998 (Pa. Super. 2009) (addressing discretionary sentencing claim despite counsel's failure to include a Pa.R.A.P. 2119(f) statement in *Anders* brief); *Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa. Super. 2001) (reviewing discretionary sentencing issue despite counsel's failure to file a court-ordered Pa.R.A.P. 1925(b) statement where appellate counsel had filed a petition to withdraw and *Anders* required independent review of the record). However, this Court has found that a failure to preserve a discretionary sentencing claim with the trial court prior to appeal requires dismissal even when such a claim is raised in the context of an *Anders* brief. *See Commonwelth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*); *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Cox*, 231 A.3d 1011, 1016 (Pa. Super. 2020) (stating that the *Hernandez* and *Lilley* decisions do not permit "this Court to address issues that were not properly preserved in the trial court" and "the mere filing of an *Anders* brief

- 7 -

and petition to withdraw will not serve to resuscitate claims that were already waived upon the filing of the notice of appeal"). Accordingly, the claim that Appellant's sentence was unduly harsh and manifestly excessive is waived.

Having resolved that the issue raised by appellate counsel is frivolous, we next conduct an independent review of the record to determine whether there exist any other non-frivolous issues that Appellant could raise in this appeal. **Yorgey**, 188 A.3d at 1196. Following our review, we conclude that there exists a non-frivolous issue regarding the legality of Appellant's sentence. Appellant did not raise an issue related to the legality of her sentence below, nor did she include this issue in her Pa.R.A.P. 1925(b) statement. However, while appellate issues generally must be preserved in the trial court at the earliest opportunity, "an exception to the issue-preservation requirement exists where the challenge is one implicating the legality of the appellant's sentence." **Commonwealth v. Monarch**, 200 A.3d 51, 56 (Pa. 2019) (citation omitted). Thus, an appellate issue related to the legality of a sentence is "nonwaivable." **Id.**

In this case, Appellant pleaded guilty to count II of the information, DUI-general impairment under Section 3802(a)(1) of the Vehicle Code, which was graded as a misdemeanor of the first degree. 75 Pa.C.S. § 3802(a)(1); Information, 7/12/19. Count II of the information provided that "this will constitute [Appellant's] 2nd offense for purposes of grading and penalty under 75 Pa.C.S. 3803 and 3804" and that "THIS VIOLATION RESULTED IN REFUSAL." Information, 7/12/19. At the guilty plea hearing, the assistant

district attorney stated that, after Pennsylvania State Police troopers observed Appellant driving in a car with a suspended registration,

> They stopped her. They saw the glassy, bloodshot eyes and smelled the alcohol.
>
> She failed the field sobrieties. **She ended up refusing the chemical test**. It's the officer's opinion she's incapable of safe driving.

N.T., 7/12/19, at 3-4 (emphasis added). Appellant confirmed that this was the factual predicate for her plea. *Id.* at 4. The nature of the chemical testing sought was not clarified at the plea hearing.[7] However, the affidavit of probable cause attached to the criminal complaint indicates that Appellant performed a breath test at the scene of the traffic stop that detected the presence of alcohol, but she later refused to submit to a blood test after being advised of the appropriate implied consent warnings. Criminal Complaint, Affidavit of Probable Cause, at 2.[8] The complaint does not indicate that a

---

[7] The term "[c]hemical test or testing" is defined in the Vehicle Code as an "[a]nalysis performed on a biological material, including but not limited to breath, blood or urine, to determine the identity or concentration or both of particular constituents such as alcohol or controlled substances." 75 Pa.C.S. § 102.

[8] According to the criminal complaint, the arresting trooper "administered the Portable Breath Test (P.B.T) to [Appellant] and the results showed a high presence of alcohol." Criminal Complaint, Affidavit of Probable Cause, at 2. The trooper then transported her to a State Police processing center:

> Upon arrival[, Appellant] read the Lehigh County DUI Processing Center Blood Implied Consent Form. I advised [Appellant] that she has the absolute right to refuse the test. [Appellant] refused to submit to a

search warrant was obtained for a blood test, *id.*, nor does a warrant appear in the record.

The questions of whether Appellant refused a breath or blood test and, if a blood test, whether a valid search warrant was obtained prior to testing determine the grading of the DUI offense and the minimum and maximum punishments that Appellant faced for her conviction. An individual convicted of Section 3802(a)(1) with one prior conviction and who "refused testing of breath or chemical testing pursuant to a valid search warrant, court order or any other basis permissible by the Constitution of the United States and the Constitution of Pennsylvania . . . commits a misdemeanor of the first degree." 75 Pa.C.S. § 3803(b)(4). This individual would then be sentenced to "undergo imprisonment of not less than 90 days" and is subject to a maximum sentence of five years. 75 Pa.C.S. § 3804(c)(2)(i); 18 Pa.C.S. § 106(b)(6). However, an individual with one prior DUI conviction without a testing refusal under the statute commits an ungraded misdemeanor for which he is subject to a mandatory minimum sentence of five days and maximum term of imprisonment of "not more than six months." 75 Pa.C.S. §§ 3803(a)(1), 3804(a)(2)(i).

---

chemical test. Furthermore, I read [Appellant] the DL -26 A form; she refused the test and refused to sign the form.

*Id.*

Previously, a defendant who refused a blood test in connection with a DUI conviction would face the heightened penalties under the Vehicle Code regardless of whether the request for testing was pursuant to a valid search warrant or under an exception to the warrant requirement. However, in 2016, the United States Supreme Court decided *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), holding that the Fourth Amendment of the United States Constitution permits warrantless breath tests as a search incident to arrest, but does not permit a warrantless blood draw in the same situation; thus authorities must generally obtain a warrant to perform a blood test for alcohol. *Id.* at 2184-86. In the wake of *Birchfield*, the General Assembly amended the Vehicle Code to provide that the increased gradation and enhanced minimum and maximum penalties apply only to refusals of breath tests or refusals of blood tests pursuant to a valid warrant. *See Monarch*, 200 A.3d at 53-54 nn.2-3 (describing amendments).[9] Furthermore, this Court and our

_____

[9] As it pertains to Appellant, Section 3803(b)(4) previously provided that "[a]n individual who violates section 3802(a)(1) where the individual refused testing of blood or breath . . . and who has one or more prior offenses commits a misdemeanor of the first degree"; this language was amended following *Birchfield* to provide that the increased gradation applied where the individual "refused testing of breath or chemical testing pursuant to a valid search warrant, court order or any other basis permissible by the Constitution of the United States and the Constitution of Pennsylvania." 75 Pa.C.S. § 3803(b)(4), as amended by the Act of October 24, 2018, P.L. 925, No. 153, § 3. Section 3804(c) previously provided that enhanced penalties apply to "[a]n individual who violates section 3802(a)(1) and refused testing of blood or breath," which was narrowed by amendment to apply to individuals who "refused testing of breath . . . or testing of blood pursuant to a valid search warrant." 75 Pa.C.S. § 3804(c), as amended by the Act of July 20, 2017, P.L. 333, No. 30, § 4.

Supreme Court have made clear following **Birchfield** that an individual may not be subjected to heightened penalty for a refusal to submit to a warrantless blood alcohol test, absent a valid exception to the warrant requirement. **See Monarch**, 200 A.3d at 56-58; **Commonwealth v. Giron**, 155 A.3d 635, 638-40 (Pa. Super. 2017).

As discussed above, Appellant was convicted of DUI-general impairment graded as a misdemeanor of the first degree, and the trial court initially imposed a sentence of two years of intermediate punishment with 90 days served on house arrest. Sentencing Order, 7/12/19; N.T., 7/12/19, at 5. At resentencing after violation, the trial court sentenced Appellant to 90 days to two years of imprisonment, followed by three years of probation. Sentencing Order, 10/16/19; N.T., 10/16/19, at 19-20. Both the gradation of the offense and the sentences imposed are in line with the heightened penalties for a conviction of Section 3802(a)(1) as a second offense where the individual refused testing. Furthermore, the sentences exceed the maximum six-month sentence of imprisonment for a conviction of the identical DUI offense but where there was no refusal of testing.[10] Pursuant to the Sixth Amendment to the United States Constitution, a trial court may not impose an enhanced maximum sentence except upon "the basis of the facts reflected in the jury

_____

[10] We further note that the trial court sentenced Appellant to pay a $1,500 fine at the original sentencing and upon resentencing, which is the minimum fine for a second-offense DUI-general impairment conviction with a refusal of testing. 75 Pa.C.S. § 3804(c)(2)(ii); Sentencing Order, 7/12/19; Sentencing Order, 10/16/19.

verdict or admitted by the defendant." ***Blakely v. Washington***, 542 U.S. 296, 303 (2004) (emphasis omitted) (citing ***Apprendi v. New Jersey***, 530 U.S. 466 (2004)); ***see also Commonwealth v. Belak***, 825 A.2d 1252, 1256-57 n.10 (Pa. 2003); ***Commonwealth v. Johnson***, 961 A.2d 877, 881 (Pa. Super. 2008); ***Commonwealth v. Kearns***, 907 A.2d 649, 655 (Pa. Super. 2006). Given the ambiguity regarding the refusal of chemical testing at the plea hearing, Appellant could present a potentially meritorious argument that she did not admit to facts that would support the trial court's imposition of heightened penalties for a refusal.

For the above reasons, we deny Attorney Brunnabend's petition to withdraw and direct counsel to review the legality of sentence issue discussed herein and file an advocate's brief or new ***Anders*** brief within 30 days of the date of this memorandum. In addition to the above issue, counsel may raise any other non-frivolous issues that he has identified. The Commonwealth shall have 30 days from that filing to respond.[11]

Petition to withdraw denied. ***Anders*** brief stricken. Appellant's counsel ordered to file an advocate's brief or a new ***Anders*** brief within 30 days of the date of this memorandum. The Commonwealth may file a brief within 30 days of Appellant's counsel's brief. Panel jurisdiction retained.

_____

[11] If the Commonwealth chooses to not file a brief in response, the Court requests that the Commonwealth promptly send a letter to the Prothonotary advising the Court that no brief will be filed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/15/2020*