**[J-31-2022]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**BAER, C.J., TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 23 WAP 2021 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered June 25, |
| | : | 2020 at No. 1380 WDA 2018, |
| v. | : | affirming the Order of the Court of |
| | : | Common Pleas of Bedford County |
| | : | entered August 28, 2018 at No. CP- |
| MARK ALLEN PRINKEY, | : | 05-CR-0000242-2007. |
| | : | |
| Appellant | : | SUBMITTED:  February 23, 2022 |

## OPINION

**JUSTICE WECHT**                                              **DECIDED:  JUNE 30, 2022**

This appeal presents the question of whether a particular type of claim constitutes a challenge to the legality of the sentence, such that it is cognizable under the Post-Conviction Relief Act ("PCRA").[1]  Appellant here claims that his sentence resulted from a prosecutor's unconstitutionally vindictive decision to pursue a mandatory minimum term of years.  Proceeding from the general principle that a sentence is unlawful if the sentencing court lacks the legal authority to impose that sanction, our law recognizes four broad types of legality challenges:  (1) a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute; (2) an assertion that statutory preconditions to the court's sentencing authority were not present; (3) a challenge alleging a violation or nonfulfillment of a substantive, constitutional restriction upon the court's authority to

---

[1]     42 Pa.C.S. §§ 9541-46.

impose the sentence; and (4) an argument that the statutory support for the conviction is void *ab initio*.[2] Today, we hold that a challenge to a sentence as presumptively vindictive falls within the third category of legality challenges and, thus, is cognizable under the PCRA.

## I. Background

In 2007, Mark Allen Prinkey placed his hands upon the shoulders of his seven-year-old stepdaughter and asked her if she had ever kissed a boy. The girl ran away and told her mother, Prinkey's wife, that Prinkey had attempted to kiss her. Prinkey's wife relayed her daughter's account to law enforcement authorities, prompting an investigation. When interrogated by police officers, Prinkey stated that, although he made no actual attempt to do so, he had intended to kiss the young girl. Prinkey then speculated to the investigating officers that, if he had done so, other sexual acts, such as fellatio, might have followed. Based upon these statements, the officers arrested Prinkey and charged him with attempted involuntary deviate sexual intercourse ("IDSI") with a child, attempted indecent assault with a person less than thirteen years of age, and corruption of the morals of a minor.

In April 2008, Prinkey proceeded to a jury trial. The jury convicted Prinkey of the above-listed offenses. The trial court imposed an aggregate sentence of ten to twenty-five years' imprisonment, and designated Prinkey as a sexually violent predator ("SVP").[3] On direct appeal, Prinkey challenged the sufficiency and weight of the evidence, as well

---

[2]  *See* Part II, Section A of this Opinion (discussing the caselaw establishing the four categories of illegal sentencing claims).

[3]  *See generally* 42 Pa.C.S. § 9792 (defining, *inter alia*, "sexually violent predator" for purposes of the sexual offender registration and reporting scheme that was in effect in 2008, the year of Prinkey's designation as an SVP) (expired Dec. 20, 2012, pursuant to 42 Pa.C.S. § 9799.41).

as the propriety of the SVP designation. The Superior Court found that Prinkey's counsel waived the weight and sufficiency challenges. The Superior Court affirmed Prinkey's SVP designation.

In 2010, Prinkey timely filed his first PCRA petition.[4] He raised an ineffective assistance of counsel claim, arguing, in relevant part, that his direct appeal counsel was ineffective for failing to raise and preserve a challenge to the sufficiency of the evidence underlying the attempted IDSI conviction. Following a January 2012 hearing, the PCRA court denied Prinkey's petition. Prinkey appealed to the Superior Court.

The Superior Court agreed with Prinkey, holding that the Commonwealth did not demonstrate at trial that Prinkey, "with intent to commit IDSI, committed an act constituting a substantial step toward engaging in sexual intercourse *per os* or *per anus*."[5] Given the Commonwealth's failure to meet its burden of proof, the court held that Prinkey's trial counsel was ineffective for waiving the challenge to the sufficiency of the evidence on direct appeal. Accordingly, the Superior Court vacated Prinkey's judgment of sentence as to the IDSI conviction and remanded for resentencing on the remaining convictions.

---

[4]      Recently, in *Commonwealth v. Wharton*, 263 A.3d 561 (Pa. 2021), this Court summarized the timeliness requirements of Section 9545(b) of the PCRA as follows:

> A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final, unless at least one of three timeliness exceptions applies. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

*Wharton*, 263 A.3d at 570.

[5]      *Commonwealth v. Prinkey*, 777 WDA 2012, 2013 WL 11256397, at *5 (Pa. Super. Aug. 30, 2013). *See* 18 Pa.C.S. § 901(a) ("A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime."); 18 Pa.C.S. § 3123(a)-(b) (defining the offense of involuntary deviate sexual intercourse with a child).

On remand, the Commonwealth for the first time notified Prinkey that it was seeking a twenty-five-year mandatory minimum sentence for the attempted indecent assault conviction.[6] Prinkey moved to dismiss the Commonwealth's notice of its intention to seek the mandatory sentence.

On February 19, 2014, Prinkey proceeded to a resentencing hearing. Before imposing Prinkey's new sentence, the resentencing court heard argument on the Commonwealth's decision to pursue the mandatory minimum sentence. The Commonwealth maintained that its choice not to seek the twenty-five-year minimum sentence at the time of Prinkey's original sentencing had no bearing upon its ability to pursue the mandatory sentence following the Superior Court's vacatur of Prinkey's judgment of sentence on the IDSI conviction. The Commonwealth informed the resentencing court that, if it declined to pursue the mandatory minimum for the attempted indecent assault conviction, then, at most, the court could order Prinkey, "who was once facing [up to fifty-two] years in jail for the same exact conduct," to serve a maximum sentence of "[fourteen] years in jail for that conduct."[7] The Commonwealth averred that a sentence of seven to fourteen years was inadequate because, in its view, Prinkey is "a man who needs to be locked up for as long as he can [be]."[8] The Commonwealth expressed its "wish . . . that [the court] had the discretion to sentence up to [twenty-five]

---

[6]    *See* 42 Pa.C.S. § 9718.2(c) (requiring that, *inter alia*, the Commonwealth provide the defendant with "reasonable notice of the Commonwealth's intention to" pursue the mandatory minimum sentence). Per 42 Pa.C.S. § 9718.2(a)(1), "[a]ny person who is convicted" of attempted indecent assault "shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in" 42 Pa.C.S § 9799.14 (relating to sexual offenses and tier system), "be sentenced to a minimum sentence of at least [twenty-five] years of total confinement."

[7]    Notes of Testimony ("N.T."), Resentencing Hr'g, 2/19/2014, at 7.

[8]    *Id.* at 9.

years."[9]  The Commonwealth stated that it would have settled for a prison sentence of "ten to twenty years," which it described as a "good sentence,"[10] but nonetheless ultimately chose to request Section 9718.2(a)(1)'s mandatory minimum sentence.

Over Prinkey's objection, the resentencing court imposed the mandatory minimum, sentencing Prinkey to twenty-five to fifty years' incarceration for the conviction of attempted indecent assault, as well as a consecutive term of eighteen to thirty-six months' incarceration for the conviction of corrupting the morals of a minor.  Although the new sentence was imposed for attempted indecent assault—a crime graded lower than attempted IDSI—the sentence was double Prinkey's original aggregate sentence of ten to twenty-five years for attempted IDSI, attempted indecent assault, and corruption of the morals of a minor.

On February 28, 2014, Prinkey filed a motion for post-sentence relief, challenging the imposition of the mandatory minimum sentence.  On May 8, 2014, the resentencing court entered an opinion and an order denying the motion.  Therein, the court stated that it "believe[d] the law required that it impose the mandatory sentence and that [it] lacked discretion to do otherwise" because "the Commonwealth has properly served notice, and [Prinkey] falls within [the] provisions" of 42 Pa.C.S. § 9718.2(a)(1).[11]  Prinkey timely appealed, and, on July 28, 2015, the Superior Court affirmed the judgment of sentence. On February 3, 2016, this Court denied Prinkey's petition for allowance of appeal.

On May 16, 2016, Prinkey filed another timely PCRA petition, and it is that petition that underlies the instant appeal.  Relevant here, Prinkey argued that the doubling of his sentence amounted to retaliation for his successful challenge of his original judgment of

---

[9]      *Id.* at 7.

[10]     *Id.* at 8.

[11]     Tr. Ct. Op., 5/8/2014, at 10.

sentence, a practice deemed unconstitutional by the Supreme Court of the United States in *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled in part by Alabama v. Smith,* 490 U.S. 794 (1989). Prinkey recognized that "there is no absolute bar that prevents a defendant from receiving a more severe sentence upon resentencing after a successful appeal." Prinkey's Br. Supp. PCRA Pet., 8/24/2018, at 5 (citing *Pearce*, 395 U.S. at 723). But, according to Prinkey, the imposition of a mandatory sentence "after a partially successful appeal that dramatically increases his sentence is *per se* vindictive" and thus unconstitutional. *Id.* at 7. Following a hearing, the PCRA court denied relief.

Prinkey appealed, and the Superior Court affirmed the PCRA court's order. Before the appellate panel, Prinkey again raised his vindictive sentencing claim. He urged the panel to hold that a request to impose a mandatory sentence following a successful appeal presumptively is unconstitutional when the prosecution did not seek the mandatory minimum at the initial sentencing. Prinkey also argued that the Commonwealth failed to cite any evidence arising during the seven-year gap between the imposition of the original sentence and Prinkey's resentencing hearing that would have sufficed to overcome the presumption. According to Prinkey, the Commonwealth was required to, but did not, offer evidence related to his character, propensity for rehabilitation, and the effects of his crime that the Commonwealth lacked at the time of his original sentencing.

The Superior Court first addressed whether Prinkey's claim was cognizable under the PCRA. Prinkey argued that "his challenge to the sentence, as being vindictive, should be considered as a challenge to the legality of his sentence." *Commonwealth v. Prinkey*, 1380 WDA 2018, 2020 WL 3469698 at *3 (Pa. Super. June 25, 2020). The panel acknowledged that legality challenges fall within the PCRA but decided that Prinkey did not raise such a challenge. The court explained that, in *Commonwealth v. Robinson*, 931

A.2d 15 (Pa. Super. 2007) (*en banc*), an *en banc* panel had held that claims alleging that a sentence was imposed to retaliate against the defendant for exercising the right to an appeal constitutes a challenge to the discretionary aspects of a sentence, not a challenge to its legality. Because the Superior Court has held that challenges involving the discretionary aspects of a sentence are not cognizable under the PCRA, the panel here determined that it was "constrained" to affirm the PCRA court's order, even though it was "troubled that this case appears to be a blatant example of prosecutorial vindictiveness."[12]

We granted Prinkey's petition for allowance of appeal, wherein he stated the following question:

> Should *Commonwealth v. Robinson*, 931 A.2d 15 (Pa. Super. 2007) (*en banc*) be overturned so that Pennsylvania law will treat an appellate challenge to a sentence on the basis of a claim of vindictiveness as a challenge to the legality of the sentence as opposed to the discretionary aspects of sentencing that cannot be raised under the Pennsylvania Post-Conviction Relief Act?

*Commonwealth v. Prinkey*, 262 A.3d 456 (Pa. 2021) (*per curiam*).

## II. Discussion

The PCRA frames the scope of a court's authority to grant relief on collateral review as follows:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*.

---

[12]     *Prinkey*, 2020 WL 3469698 at *4 n.3; *see also Commonwealth v. Jordan*, 772 A.2d 1011, 1016 (Pa. Super. 2001) (stating that "a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of the PCRA").

42 Pa.C.S. § 9542. Eligibility for relief requires the petitioner to plead and prove that his

or her conviction or sentence resulted from at least one of the following:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

> (iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

> (v) Deleted.

> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

> (vii) The imposition of a sentence greater than the lawful maximum.

> (viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S. § 9543(a)(2).

This Court long has held that challenges to the legality of a sentence fall within the

purview of the PCRA.[13] We have explained that Subsection 9543(a)(2)(vii) provides

textual support for that principle,[14] and its accuracy or viability is not at issue in this case.

The question here is whether a claim characterizing a prosecutor's pursuit of a mandatory

minimum sentence as presumptively vindictive falls within that category of sentences.

---

[13]    *E.g.*, *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (holding that a timely challenge to "the legality of sentence is always subject to review within the PCRA").

[14]    *See Commonwealth v. Moore*, 247 A.3d 990, 998 (Pa. 2021) (holding that a challenge to a provision of the Sentencing Code as unconstitutionally vague was a challenge to the legality of the sentence, "thus qualifying . . . for relief under Section 9543(a)(2)(vii)")

Prinkey assails the Superior Court's determination that his vindictive sentencing claim is a challenge to the discretionary aspects of his sentence, *i.e.*, one that is not cognizable under the PCRA. He calls upon this Court to overrule the Superior Court's *en banc* decision in *Robinson*, and he posits that his challenge goes to the legality of the sentence he received. The question of whether a challenge to a sentence implicates its discretionary aspects or its legality presents a pure question of law. As such, our scope of review is plenary, and our standard of review is *de novo*. *See Commonwealth v. Weir*, 239 A.3d 25, 30 (Pa. 2020).

## A. Categories of Challenges Implicating the Legality of a Sentence

Differentiation between the two types of sentencing claims has, at times, proved challenging for this Court. *See Commonwealth v. Spruill*, 80 A.3d 453, 460 (Pa. 2013) ("This Court's experience with claims allegedly implicating sentencing legality has not always been smooth."). In a series of decisions over the past several years, however, we have made strides towards clarity with respect to the standards for assessing whether a challenge implicates the discretionary aspects of a sentence on the one hand or the legality of a sentence on the other.

*Commonwealth v. Foster*, 17 A.3d 332 (Pa. 2011) (plurality) laid the groundwork for what would become our present approach to the legality of sentencing doctrine. There, Foster raised an as-applied constitutional challenge to the mandatory minimum sentence found at 42 Pa.C.S. § 9712 (requiring at least five years' imprisonment for a person who visibly possesses a firearm during the commission of a crime of violence). The lead opinion in *Foster* reasoned that, "when a sentencing court has no alternative but to impose a certain minimum sentence," even one that might later be determined to be unconstitutional, "its authority to act has been infringed upon[,]" thus rendering the sentence "illegal." *Foster*, 17 A.3d at 344–45. Proceeding from that principle, the plurality

held that Foster's challenge implicated the legality of the sentence because the trial court possessed no authority to refrain from imposing a mandatory minimum at sentencing, even though the application of that sentence would have been unconstitutional.

In *Commonwealth v. Barnes*, 151 A.3d 121 (Pa. 2016), our seminal decision on the distinction between the two sentencing challenges, we adopted the approach to illegal sentencing claims espoused in *Foster*'s lead opinion. Unlike the as-applied challenge at issue in *Foster*, the *Barnes* Court addressed a facial challenge to a sentencing statute imposing a mandatory minimum sentence. Specifically, Barnes claimed that 42 Pa.C.S. § 9712.1's five-year mandatory minimum sentence facially was unconstitutional under the Supreme Court of the United States' decision in *Alleyne v. United States*, 570 U.S. 99 (2013) (holding that any fact that increases a mandatory minimum sentence is an element of an aggravated offense, thereby requiring pretrial notice to a defendant, the submission of any such fact to a factfinder, and the factfinder's conclusion that the element has been established beyond a reasonable doubt). We held that, "where the mandatory minimum sentencing authority on which the sentencing court relied is rendered void on its face, and no separate mandatory authority supported the sentence, any sentence entered under such purported authority is an illegal sentence for issue preservation purposes on direct appeal." *Barnes*, 151 A.3d at 127.

By adopting the standard set forth by the lead opinion in *Foster*, *Barnes* settled the broad parameters of an illegal sentencing claim. We made clear that, where "'the sentencing court's authority to act has been infringed upon[,]'" the sentence is "'illegal' for issue-preservation purposes." *Id.* at 125 (brackets in original) (quoting *Foster*, 17 A.3d at 344–45). Put simply, *Barnes* defined an illegal sentence as one that was imposed without authority. Although *Barnes* went a long way in clarifying whether a claim implicates the

legality of the sentence, this Court has continued to grapple with how the *Barnes* rule applies in particular cases.

Two years later, in *Commonwealth v. DiMatteo*, 177 A.3d 182 (Pa. 2018), we considered whether *Barnes*' holding—*i.e.*, the principle that mandatory minimum sentences imposed under the procedure found unconstitutional pursuant to *Alleyne* are illegal sentences—applied with equal force in the PCRA context. We held that it did:

> We are cognizant that Section 9543 specifically delineates the availability of relief and includes relief from "[t]he imposition of a sentence greater than the lawful maximum" or "[a] proceeding in a tribunal without jurisdiction." 42 Pa.C.S. §§ 9543(vii)-(viii). However, the traditional view of sentence illegality claims was limited to either a sentence that exceeded that statutory maximum or one imposed by a court lacking jurisdiction. *See Foster*, 17 A.3d at 349 (Castille, C.J. concurring); *id*. at 356 (Eakin, J. concurring). In *Barnes*, this Court adopted a test to determine whether a sentencing claim is illegal, thereby expanding the concept of illegal sentencing. *See Barnes*, 151 A.3d at 127. That the PCRA speaks to addressing illegal sentences and specifically sentences exceeding the lawful maximum or imposed by a court without jurisdiction, does not preclude DiMatteo from obtaining relief from his unquestionably illegal sentence, as the "legality of the sentence is always subject to review within the PCRA" where, as here, the petition is timely. *Fahy*, 737 A.2d at 223; *accord* 42 Pa.C.S. § 9542. Because DiMatteo's sentence was rendered illegal before his judgment of sentence became final and he presented his claim in a timely petition for post-conviction relief, he is entitled to have his illegal sentence remedied.

*DiMatteo*, 177 A.3d at 192 (citations modified). In both the PCRA and issue preservation contexts, we have applied the principles espoused in *Barnes* and *DiMatteo* to claims beyond those implicating *Alleyne*.

Four broad categories of challenges have emerged in our caselaw that fall within *Barnes*' definition of an illegal sentencing challenge. First, a claim that a sentence was imposed pursuant to a facially unconstitutional sentencing statute is a legality challenge because, if the claim prevails, the sentence was imposed under statutory authority that never lawfully existed. *See Commonwealth v. Monarch*, 200 A.3d 51, 57 (Pa. 2019) (providing that a claim that "enhanced mandatory minimum sentences authorized by the

statute are unconstitutional when based on a refusal to submit to a warrantless blood test" constitutes a challenge to the legality of the sentence); *see also Moore*, 247 A.3d at 997 (explaining that, because a sentencing court does not have authority to sentence a defendant under a sentencing statute that is unconstitutionally vague, a void-for-vagueness challenge "is exactly the type of claim" that we held "implicated the legality of the sentence in *Barnes* and found cognizable under the PCRA in *DiMatteo*"). *Alleyne* challenges fall into this first category. *See, e.g.*, *Barnes,* 151 A.3d at 127*; DiMatteo*, 177 A.3d at 192.

The second category encompasses allegations that a sentence was imposed without the fulfillment of statutory preconditions to the court's sentencing authority. *See, e.g.*, *Commonwealth v. Ford*, 217 A.3d 824, 831 (Pa. 2019) (holding that a challenge to the imposition of a fine on the basis that the sentencing court failed to consider the defendant's ability to pay before imposing fines, in contravention of 42 Pa.C.S. § 9726(c), amounts to a challenge to the legality of the sentence); *cf. Weir*, 239 A.3d at 38 (holding that a challenge to the authority to impose restitution in a case is a legality challenge, whereas a challenge to the amount of restitution is a discretionary one). Here too, a successful challenge means that the court issued a sentence that it lacked the statutory authority to impose. In other words, if the sentencing statute at issue conditions the court's authority to impose a sanction upon the existence of attendant circumstances, and if those circumstances were not present, then the court lacked statutory authority to impose the sentence, even though the unfulfilled conditions may not raise an issue of constitutional dimension. *See Commonwealth v. Finnecy*, 249 A.3d 903, 912 (Pa. 2021) ("Appellant's contention that the court failed to impose a [Recidivism Risk Reduction Incentive] Act sentence where his criminal history did not render him ineligible implicates

sentencing illegality" because it "necessarily involves a challenge to the sentencing court's authority to impose a particular sentence.")

The third category of legality challenges encompasses those claims that allege a violation of a substantive restriction that the Constitution places upon a court's power to apply the statutory sentence to the defendant. Here, the linchpin is that there is a constitutional barrier to the court's ability to wield the sentencing power granted by a facially constitutional statute, not that the trial court exercised its statutory power in a way that violated the Constitution. If either the United States Constitution or the Pennsylvania Constitution places a restriction upon the power of a court to impose a particular sentence in certain circumstances, and if the appellant's claim is that those circumstances exist in his or her case, then the challenge necessarily sounds in legality. For example, in *Commonwealth v. Hill*, 238 A.3d 399 (Pa. 2020), we held that a defendant's claim that his sentence violated the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution implicated the legality of his sentence, not the trial court's exercise of discretion:

> The federal double jeopardy clause offers several protections. Chief among those protections is the clause's safeguard against "multiple punishment for the same offense at one trial." *Commonwealth v. Mills*, 286 A.2d 638, 641 (Pa. 1971). In the matter *sub judice*, Appellant maintains that the trial court sentenced and, therefore, punished him twice for the same DUI offense. If this claim is correct, then the trial court was constitutionally prohibited from punishing Appellant for his second DUI conviction. We, therefore, are convinced that Appellant did not waive this portion of his sentencing claim, as it implicates the legality of sentence, rendering the issue non-waivable, despite the fact that Appellant raised it for the first time in his PAA.

*Hill*, 238 A.3d at 409.

Finally, a sentence is illegal where the statutory support for the underlying conviction is void *ab initio*. *Commonwealth v. McIntyre*, 232 A.3d 609, 616 (Pa. 2020) ("Appellant's assertion that the statute under which he was convicted was void *ab initio*

because it was passed in an unconstitutional fashion necessarily implicates the trial court's authority to impose a sentence of incarceration for that conviction, given that a trial court is not empowered under our Commonwealth's Sentencing Code to sentence an individual for a non-existent criminal offense."). This fourth class of legality challenges is distinct from the others inasmuch as it implicates the validity of the conviction. Nevertheless, because "a conviction is the essential supporting infrastructure for a sentence, . . . 'illegality' with respect to the former extends to the latter as well. The alternative is for courts to accept as legal a sentence which is grounded upon an illegal conviction." *Spruill*, 80 A.3d at 464 (Saylor, J., concurring).

A review of our decisions reveals commonalities among the various legality challenges that, in close cases, lend assistance in identifying the character of the claim.[15] As explained, all four categories employ the definition adopted in *Barnes*.[16] In each, the inquiry is whether, assuming the appellant's claim prevails, the result would be that the trial court lacked authority to impose the sentence at issue. If so, then the appellant's challenge implicates the legality of his sentence.[17] Conversely, if the challenge is not to the existence of certain authority but to the exercise of that authority, then the challenge

---

[15]    The four categories of legality challenges described above are not necessarily exhaustive; they are descriptive and intended as guideposts for the bench and bar in assessing whether a challenge sounds in legality or in discretionary aspects.

[16]    *See also Commonwealth v. Batts,* 163 A.3d 410, 434-35 (Pa. 2017) (reviewing distinct kinds of legality challenges and concluding that "a claim challenging a sentencing court's legal authority to impose a particular sentence presents a question of sentencing legality"), *abrogated on other grounds by Jones v. Mississippi,* ___ U.S. ____, 141 S. Ct. 1307 (2021)*.*

[17]    *See, e.g.*, *Moore*, 247 A.3d at 998 ("If the sentencing statute under which the sentencing court imposed [the] sentence is void, and there is not another applicable sentencing statute, the sentencing court had no authority to impose any sentence at all on Appellant.").

goes to the discretionary aspects of a sentence, not to its legality.[18] Relatedly, as the nomenclature suggests, all legality challenges implicate a question of law, which is reviewed by appellate courts *de novo*.[19] A mere disagreement with the trial court's weighing of various sentencing considerations, on the other hand, is a claim implicating only the discretionary aspects of sentencing.[20] Finally, many legality challenges involve the applicability of a mandatory minimum sentence. As Chief Justice Baer cogently has explained, "because a sentencing court loses its authority to exercise discretion when a mandatory minimum sentence applies, the question of the propriety of applying a mandatory minimum sentencing provision implicates legality." *Commonwealth v. Wolfe*, 140 A.3d 651, 663–64 (Pa. 2016) (Baer, J., concurring) (referencing *Foster*, 17 A.3d 332). We now apply these principles to Prinkey's vindictive sentencing claim.

## B. Prinkey presents a challenge to the legality of his sentence.

Prinkey's claim does not fall within the first category of legality challenges, because he does not argue that 42 Pa.C.S. § 9718.2(a)(1), the sentencing statute containing the mandatory minimum sentence imposed upon him, is unconstitutional on its face. Nor does Prinkey assert that the trial court failed to make any necessary eligibility determinations required by Section 9718.2(a)(1), thus removing his challenge from the second category. He also cannot avail himself of the fourth category because his

---

[18] *See, e.g.*, *Weir*, 239 A.3d at 38 ("Weir's discontent with the amount of restitution and the evidence supporting it is a challenge to the sentencing court's exercise of discretion, not to the legality of the sentence.").

[19] *See, e.g., Commonwealth v. Shiffler*, 879 A.2d 185, 189 (Pa. 2005) ("[A]ppellant's present claim raises a question of statutory construction, which is a pure question of law and which, under the circumstances, implicates the legality of appellant's sentence.").

[20] *See Commonwealth v. Tuladziecki*, 522 A.2d 17, 19-21 (Pa. 1987) (explaining that, when the sentencing court is directed to determine the appropriate sentence based upon its "opinion" of the "weight" to be assigned to a "multitude of factors," an attack relating to the court's weighing of those factors is a challenge to the discretionary aspects of the sentence).

argument is not that the statutory provisions under which he was convicted were constitutionally void *ab initio*. However, Prinkey's vindictive sentencing claim squarely falls within the third category of legality challenges: claims asserting a constitutional barrier to the exercise of sentencing authority conferred in a facially constitutional statute.

Before the courts below, Prinkey argued that, under *Pearce*, the Commonwealth was prohibited from pursuing the mandatory minimum sentence of twenty-five years. In *Pearce*, the Supreme Court of the United States considered "what constitutional limitations there may be upon the general power of a judge to impose upon reconviction a longer prison sentence than the defendant originally received." *Pearce*, 395 U.S. at 719. The Court held that the Due Process Clause of the Fourteenth Amendment indeed circumscribes that power. *Id*. at 724-25. If the lengthier sentence was motivated by a desire to punish the accused for exercising his or her right to an appeal, the new sentence constitutionally is prohibited. *Id*. at 725.

Noting that "[t]he existence of a retaliatory motivation would, of course, be extremely difficult to prove in any individual case," *id*. at 725 n.20, the *Pearce* Court held that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id*. at 726. The judge's on-the-record statement must detail "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id*. "Otherwise, a presumption arises that a greater sentence has been imposed for a vindictive purpose." *Smith*, 490 U.S. at 798–99. Stated differently, the lengthier sentence is deemed presumptively unconstitutional in the absence of an on-the-record statement that the increased term of incarceration was the product of "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce*, 395 U.S. at 726.

Subsequent Supreme Court decisions narrowed the reach of *Pearce's* presumption of vindictiveness. In *Alabama v. Smith*, the Supreme Court held that the *Pearce* presumption "does not apply in every case where a convicted defendant receives a higher sentence on retrial." 490 U.S. at 799 (cleaned up). In the *Smith* Court's view, *Pearce* was not designed to prevent the imposition of an increased sentence following retrial "for some valid reason associated with the need for flexibility and discretion in the sentencing process." *Id.* Thus, the Court held that the *Pearce* presumption applies only in "circumstances . . . in which there is a reasonable likelihood that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority." *Id.* (citing *United States v. Goodwin*, 457 U.S. 368, 373 (1982)). "Where there is no . . . reasonable likelihood [of vindictiveness], the burden remains upon the defendant to prove actual vindictiveness." *Id.*

While circumscribing the "sweeping dimension" of the *Pearce* presumption, *id.* at 799, the *Smith* Court noted that the presumption nonetheless remains and persists unless some event occurs after the successful appeal, such as retrial, which provides the court with a "greater amount of sentencing information." *Id.* at 803. Thus, the *Pearce* presumption will not apply when the resentencing that results in a higher sentence follows some post-appeal occurrence that makes it likely that the court obtained new details about the defendant's "moral character and suitability for rehabilitation." *Id.* at 801. Where no such event occurs, yet the defendant's new sentence is higher than the original sentence, the *Pearce* presumption applies with full vigor. And when it does, it acts as a "prophylactic" measure that "forbid[s] . . . the imposition of a greater punishment than was imposed after the first trial, absent specified findings." *Colten v. Kentucky*, 407 U.S. 104, 115 (1972).

This legal paradigm emanates from the protections safeguarded to individuals by the Due Process Clause. The *Pearce* presumption creates a constitutional barrier to the court's authority to impose a sentence found in a facially constitutional statute. Prinkey maintains that the barrier was in effect here because the circumstances of this case demonstrate a reasonable likelihood that the Commonwealth invoked the mandatory minimum sentence on remand in order to punish him for successfully appealing his IDSI conviction.[21] More specifically, Prinkey argues that, because he was not retried, but was only resentenced, there was no post-remand event that could have revealed valid sentencing considerations that were unavailable during his original sentencing. As such, Prinkey insists that the increased sentence must be deemed an unconstitutionally vindictive punishment for his successful appeal. In Prinkey's view, there is no on-the-record determination that new information warranted the application of the mandatory minimum that would overcome the applicable presumption.

If Prinkey is correct that the presumption applies and that the requisite on-the-record justification is absent—an aspect of his claim upon which we need not rule here, where our only task is identifying the character of his claim—then the Commonwealth

---

[21] While *Pearce* and *Smith* addressed judicial vindictiveness, the same due process principles, including the presumption, apply when the retaliatory decision is made by a prosecutor. *See Smith,* 490 U.S. at 800 n.3 (discussing the presumption of vindictiveness in cases involving a prosecutor's allegedly unconstitutional retaliatory conduct); *see also Goodwin*, 457 U.S. 368 (1982) (declining to apply a presumption of prosecutorial vindictiveness where, after the defendant declined to plead guilty to a misdemeanor charge and decided to go to trial instead, the prosecutor modified the charge from a misdemeanor to a felony); *Bordenkircher v. Hayes*, 434 U.S. 357 (1978) (declining to find a presumption of vindictiveness where the prosecutor carried out a threat he made during plea negotiations to have the accused reindicted on more serious charges if the accused refused to plead guilty to the original charges); *Blackledge v. Perry*, 417 U.S. 21 (1974) (holding that the defendant was entitled to a presumption of vindictiveness where the defendant sought *de novo* review of his misdemeanor conviction and, in response, the prosecutor charged the defendant with a felony).

lacked the authority on remand to invoke the mandatory minimum sentence under 42 Pa.C.S. § 9718.2(a)(1). By invoking Section 9718.2(a)(1), the Commonwealth stripped the sentencing court of its traditional discretionary power over sentencing. Assuming that the presumption of vindictiveness controls here, the Commonwealth lacked the authority to do so in the absence of the specific findings required by *Pearce*, and the trial court retained its traditional discretion. *See Barnes*, 151 A.3d at 126 ("[A] sentence is illegal . . . where the sentencing court lacked authority to avoid entering the particular sentence that is later found to be unconstitutional."). Accordingly, we hold that Prinkey's claim is a challenge to the legality of his sentence.[22]

The Superior Court here concluded otherwise, opining it was "constrained" to apply its *en banc* decision in *Robinson*, 931 A.2d at 15. In that case, the defendant claimed that the trial court had unconstitutionally increased his sentence based upon judicial vindictiveness. *Id.* at 19. The Commonwealth argued that the defendant failed to preserve that claim for appellate review and had been required to do so because he challenged the discretionary aspects of his sentence. *Id.* The Superior Court agreed with the Commonwealth, holding that "a claim of vindictiveness is a waivable challenge to the discretionary aspects of the sentence." *Id.* at 22.

---

[22] *Cf. Batts*, 163 A.3d at 435 (holding that a challenge to the imposition of a life-without-parole sentence upon a juvenile offender implicated the legality of sentencing because, under our now abrogated understanding of the relevant decisions by the United States Supreme Court, such a sentence could be imposed "upon a juvenile offender **only** if [the sentencing court determines that] the crime committed is indicative of the offender's permanent incorrigibility") (emphasis in original); *Ford*, 217 A.3d at 831 (holding that a challenge to the imposition of a fine on the basis that the sentencing court failed to consider the defendant's ability to pay **before** imposing fines, in contravention of Section 9726(c) of the Sentencing Code, is a challenge to the legality of the sentence).

In arriving at that conclusion, the *Robinson en banc* panel applied the then-valid framework for distinguishing between legality and discretionary aspects challenges, which provided as follows:

> The term "illegal sentence" is a term of art that [Pennsylvania courts] apply narrowly, to a relatively small class of cases. This class of cases includes: (1) claims that the sentence fell outside of the legal parameters prescribed by the applicable statute; (2) claims involving merger/double jeopardy; and (3) claims implicating the rule in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). These claims implicate the fundamental legal authority of the court to impose the sentence that it did.

> Most other challenges to a sentence implicate the discretionary aspects of the sentence. This is true even though the claim may involve a legal question, a patently obvious mathematical error, or an issue of constitutional dimension. Moreover, the mere fact that a rule or statute may govern or limit the trial court's exercise of discretion in sentencing does not necessarily convert the claim into one involving the legality of the sentence. For example, we recently held that the denial of the right of allocution was a challenge to the discretionary aspects of the sentence, even though both a statute and a rule of criminal procedure mandated that a court provide allocution before sentencing.

*Robinson*, 931 A.2d at 21 (cleaned up). The Superior Court viewed the vindictive sentencing argument as "essentially claiming that the court exercised its ***discretion*** in a way that is harsh, unreasonable, and motivated by impermissible factors," which the court construed as presenting "the very hallmarks of a claim that implicates the discretionary aspects of a sentence." *Id.* (emphasis in original).

Unlike the circumstances at issue in *Robinson*, Prinkey's *Pearce* claim turns upon the Commonwealth's allegedly vindictive decision to seek the mandatory minimum, which by its very nature purported to strip the trial court of its traditional sentencing authority. Indeed, the trial court here "believe[d] the law required that it impose the mandatory sentence and ***that [it lacked] discretion*** to do otherwise." Tr. Ct. Op., 5/8/2014, at 10 (emphasis added). For the reasons outlined above, a challenge alleging that the Commonwealth exercised its power to strip the sentencing court of its discretion in a way

that violates the Constitution is a challenge to the legality of the subsequently imposed sentence. *See Foster*, 17 A.3d at 345 ("[W]here a sentencing court is required to impose a mandatory minimum sentence, and that mandatory minimum sentence affects a trial court's traditional sentencing authority, . . . a defendant's challenge thereto sounds in legality of sentence.").

More fundamentally, *Robinson*'s approach suggests that only claims involving a sentence that exceeds the lawful maximum can be characterized as involving the legality of sentence. *See Robinson*, 931 A.2d at 21. But the holding in *Robinson* relied upon a bygone understanding of legality challenges. Under this Court's modern approach, "a sentence is illegal . . . where the sentencing court lacked authority to avoid entering the particular sentence that is later found to be unconstitutional." *Barnes*, 151 A.3d at 126. It is beyond cavil that Prinkey's presumptive vindictiveness claim satisfies that definition. His contention is that the resentencing court lacked authority to extend his term of incarceration beyond the length of his original sentence because, under *Pearce* and *Smith*, no event occurred between the two sentencing hearings that could (or would) have justified the imposition of a lengthier sentence; his appeal thus squarely falls within *Barnes*' definition of an illegal sentencing claim. To the extent that the Superior Court's opinion in *Robinson* is inconsistent, it is overruled.

### III. Conclusion

Prinkey's vindictive sentencing claim implicates the legality of his sentence because, if it is correct, the trial court possessed no authority to impose the twenty-five-year mandatory minimum sentence. Put simply, Prinkey's challenge is to the court's authority to impose a greater sentence on remand, not to the exercise of valid sentencing discretion. As challenges to the legality of sentence are cognizable under the PCRA, the

Superior Court committed an error of law in concluding that Prinkey's challenge to his sentence as presumptively vindictive was not within the PCRA's ambit.

Accordingly, we reverse the order of the Superior Court affirming the PCRA court's dismissal of Prinkey's timely PCRA petition. Because the narrow question presented asks only that we address the scope of the PCRA and the continued vitality of the Superior Court's decision in *Robinson*,[23] we remand the matter to the Superior Court with instructions to consider, in the first instance, the merits of Prinkey's *Pearce* claim.[24] If the

---

[23] *See* Pa.R.A.P. 1115(a)(4) ("Only the questions set forth in the petition, or fairly comprised therein, will ordinarily be considered by [this Court] in the event an appeal is allowed.").

[24] In her dissenting opinion, Justice Mundy disagrees that Prinkey raises an illegal sentencing claim because the circumstances of Prinkey's new sentence do "not strike [her] as the type of scenario in which it is so likely that the prosecution's selection of the higher of the two available sentences is motivated by a vindictive purpose that a presumption must be imputed by operation of law." Dissenting Op. at 10-11 (Mundy, J.). Justice Mundy arrives at that view based upon "the aggregate package" theory, which applies when "the defendant is sentenced, at the second hearing, on a different set of offenses than at the first hearing." *Id.* at 8. As Justice Mundy observes, the "aggregate package theory" has not been adopted by either this Court or the United States Supreme Court. *See id.* at 8-10.

The basis for Justice Mundy's finding of waiver is her disagreement with Prinkey's assertion that the circumstances of his case entitle him to the presumption of vindictiveness, a position at which she arrives by answering an unsettled question of law. It is contradictory to suggest that a claim is waived because of a hypothetical answer to a question concerning the merits. Waiver precludes an assessment of the merits. Yet, in deeming Prinkey's claim waived, Justice Mundy's analysis turns upon her view of the merits. *See id.* at 10-12. Our caselaw makes clear that, in deciding whether a sentencing claim implicates legality, we assume that the challenge would be successful. *See Moore*, 247 A.3d 990, 997 (holding that a void-for-vagueness claim implicated the legality of sentence because, "***[i]f*** Section 1102(a) is void for vagueness, the sentencing court would not have been permitted to sentence Appellant to life without the possibility of parole") (emphasis added); *Hill*, 238 A.3d at 409 ("***If this claim is correct***, then the trial court was constitutionally prohibited from punishing Appellant for his second DUI conviction. We, therefore, are convinced that Appellant did not waive this portion of his sentencing claim, as it implicates the legality of sentence, rendering the issue non-waivable, despite the fact that Appellant raised it for the first time in his [Petition for Allowance of Appeal].") (emphasis added).

Superior Court concludes that the PCRA court's factual determinations are insufficient to permit a decision on the merits, the Superior Court shall remand the matter to the PCRA court to address further Prinkey's challenge to the legality of his sentence under *Pearce*.

Chief Justice Baer and Justices Todd, Donohue and Dougherty join the opinion.

Justice Mundy files a dissenting opinion in which Justice Brobson joins.

---

This is not to say, however, that an appellant can attempt to repackage a claim that plainly implicates the discretionary aspects of sentencing as one that implicates legality by, for example, baldly asserting that the trial court lacked the authority to impose the sentence. *See Weir*, 239 A.3d at 38 (holding that, despite the appellant's unsupported assertion that the trial court lacked the authority to impose restitution, he was actually challenging the court's weighing of the evidence as to the amount of restitution, which is a discretionary matter). But that is not what Prinkey does here. Under the law that binds us, Prinkey has a non-frivolous argument that he is entitled to the presumption of vindictiveness. *See infra* pp. 16-19. Neither the Supreme Court of the United States nor this Court has held that circumstances like those of the instant case either preclude or warrant application of the *Pearce* presumption. Contrary to Justice Mundy's suggestion, we do not here reach a conclusion one way or the other as to the presumption's ultimate applicability. We hold only that Prinkey presents a colorable argument that he is entitled to the presumption of vindictiveness, thereby questioning both the authority to impose the sentence and its legality.

While Justice Mundy's discussion of the "aggregate package" theory raises an interesting question, the merits of Prinkey's claim are beyond the scope of our allocatur grant. The narrow question presented asks whether Prinkey's claim implicates the legality of his sentence, whether his claim is cognizable under the PCRA, and whether we should overrule the Superior Court's decision in *Robinson*. We are not tasked with assessing the accuracy of his presumptive vindictiveness claim at this juncture.