J-S15045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
           :      PENNSYLVANIA
           :
     v.         :
           :
           :
BARRY KAPLAN       :
           :
     Appellant      :   No. 987 EDA 2021

Appeal from the PCRA Order Entered April 14, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002297-2018

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:      **FILED SEPTEMBER 28, 2022**

    Barry Kaplan ("Kaplan") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Kaplan's counsel ("Counsel") has filed a petition to withdraw and a no-merit brief.[2] We affirm and grant Counsel's petition to withdraw.

    We summarize the facts and procedural history of this appeal from the record. In the evening of February 1, 2018, Sergeant Tony Colgan observed

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Counsel seeks to withdraw under **Anders v. California**, 386 U.S. 738 (1967), which applies in direct appeals, not PCRA appeals. "Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner**/**Finley** 'no-merit letter' is the appropriate filing. However, because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014) (some quotation marks and brackets omitted).

Kaplan driving in an erratic manner, activated the emergency lights of his marked police car, and began following Kaplan. *See* Criminal Complaint, Affidavit of Probable Cause, 2/1/18, at 1 ("affidavit of probable cause"). Kaplan did not stop, and Sergeant Colgan continued to follow Kaplan to Kaplan's residence. *See id*. Sergeant Colgan and Kaplan had a physical altercation outside of Kaplan's house, after which Kaplan entered his house and locked the front door. *See id*. The sergeant knocked on the door several times, and Kaplan eventually unlocked his door. *See id*. The sergeant entered the home and after another physical struggle arrested Kaplan with the assistance of another officer. *See id*. Throughout the incident, the sergeant noticed that Kaplan was unsteady on his feet, slurred his speech, and had bloodshot and glassy eyes. *See id*. The sergeant transported Kaplan to a hospital, requested that he submit to a blood test, and read him DL-26B warnings.[3] *See id*. Kaplan refused a blood test. *See id*.

The Commonwealth charged Kaplan with driving under the influence ("DUI")—incapable of driving safely (third offense), as well as simple assault, harassment, disorderly conduct, and two traffic violations.[4] Kaplan, who was

---

[3] A DL-26B form contains standard warnings given before a request for blood testing. *See Commonwealth v. Robertson*, 186 A.3d 440, 444 (Pa. Super. 2018).

[4] *See* 75 Pa.C.S.A. § 3802(a)(1); 18 Pa.C.S.A. §§ 2701(a), 2709(a)(1), 5503(a)(1); 75 Pa.C.S.A. §§ 3301(a), 3362(a)(1.2). The Commonwealth did not seek a mandatory minimum sentence based on Kaplan's refusal of a blood test. *See* Information, Count 1, 5/9/18 (stating only that Kaplan's DUI offense
*(Footnote Continued Next Page)*

represented by counsel ("plea counsel"), proceeded to a guilty plea hearing on September 26, 2018, at which the Commonwealth amended the grade of the DUI count from a first-degree misdemeanor to a second-degree misdemeanor. *See* N.T., 9/26/18, at 3. After completing written and in-court guilty plea colloquies, Kaplan pleaded guilty to the amended count of DUI and simple assault based on the facts stated in the affidavit of probable cause.[5] On October 30, 2018, the trial court sentenced Kaplan to a term of one to two years of imprisonment for DUI and a consecutive two years of probation for simple assault.[6] Kaplan timely filed a motion for reconsideration of his sentence, which the trial court denied. Kaplan did not file a direct appeal.

Kaplan timely filed a *pro se* PCRA petition, and the court appointed Counsel to represent him. Counsel filed an amended PCRA petition asserting that plea counsel was ineffective for failing to advise Kaplan of the United States Supreme Court decision in **Birchfield v. North Dakota**, 579 U.S. 438 (2016), and that Kaplan would not have pleaded guilty had he been aware of

---

constituted a third offense for the purposes of grading and sentencing under 75 Pa.C.S.A. §§ 3803 and 3804, respectively).

[5] The remaining charges were dismissed by *nolle prosequi*.

[6] That same day, the trial court also revoked Kaplan's probation in a prior case and resentenced him to a concurrent term of one to two years of imprisonment.

*Birchfield*.[7]  The PCRA court issued a notice of intent to dismiss the petition. *See* Pa.R.Crim.P. 907.  Kaplan did not respond, and the court dismissed the petition.  Kaplan timely appealed, and both he and the PCRA court complied with Pa.R.A.P. 1925.

Counsel has filed a petition to withdraw and a no-merit brief identifying the following issue for review:

> Was the [PCRA] court in error for dismissing [Kaplan's] petition for post conviction relief alleging ineffectiveness in that [plea counsel] did not discuss [*Birchfield*] prior to his pleading guilty rendering [the plea] involuntarily entered?

No-Merit Brief at 4.

Before addressing the merits of the issue identified by Counsel, we must assess whether Counsel's filings satisfy the technical requirements of *Turner*/*Finley*.  *See Commonwealth v. Muzzy*, 141 A.3d 509, 510 (Pa. Super. 2016) (holding that "[p]rior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel").

---

[7] In *Birchfield*, the Supreme Court held that a warrantless blood test is not valid under an implied consent law when there are criminal sanctions for refusing consent.  *See Birchfield*, 579 U.S. at 477.  In *Commonwealth v. Monarch*, 200 A.3d 51, 57 (Pa. 2019), our Supreme Court held that *Birchfield* prohibited the imposition of enhanced penalties for a DUI charge based on a defendant's refusal to consent to a blood test.  We note that a DL-26B warning form, which was used in this case, contains revisions to the former DL-26 form in order to comply with *Birchfield*.  *See Robertson*, 186 A.3d at 444.

Counsel seeking to withdraw from PCRA representation must:

(1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless. Counsel must also send a copy of the brief to the petitioner, along with a copy of the petition to withdraw, and inform the petitioner of the right to proceed *pro se* or to retain new counsel. If the brief meets these requirements, we then conduct an independent review of the petitioner's issues.

***Commonwealth v. Knecht***, 219 A.3d 689, 691 (Pa. Super. 2019) (internal citations omitted).

Here, Counsel has detailed the extent of his review of the case, listed the issue Kaplan wishes to have reviewed, and explained why he believes the issue lacks merit. Additionally, Counsel avers that he served Kaplan with a copy of his no-merit brief and attached to his petition to withdraw a letter advising Kaplan of his appellate rights. Counsel, therefore, has complied with the technical requirements of ***Turner***/***Finley***, and we proceed to an independent review of the issue.[8]

Our standard of review of an order denying PCRA relief is well settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

---

[8] Kaplan has not filed a response to Counsel's petition to withdraw or a brief either *pro se* or with new counsel.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citations

and quotations omitted).

To obtain relief under the PCRA, based on an ineffective assistance of

counsel claim relating to the entry of a guilty plea, a petitioner must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Trial counsel is presumed to be effective, and [an a]ppellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

> The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192-93 (Pa. Super. 2013) (internal

quotations and citations omitted).

The sole issue raised by Kaplan in the PCRA court and identified in this

appeal is whether plea counsel was ineffective for failing to advise Kaplan of

**Birchfield** prior to the entry of his plea. Counsel asserts that the issue is

meritless because "there were no blood testing results to suppress" and

*Birchfield* had no impact on the grading of the DUI offense or Kaplan's sentence. *See* No-Merit Brief at 9-10.

The PCRA court, similarly, explains that it dismissed Kaplan's amended PCRA petition because "any relief that *Birchfield* could have provided to [Kaplan] has been provided to him." PCRA Court Opinion, 11/10/21, at 2. The court noted that the parties agreed to reduce the grade of the DUI count from a first-degree misdemeanor to a second-degree misdemeanor. *Id*. at 2-3.

Following our review, we agree that *Birchfield*, which was decided in 2016, did not apply to the circumstances of this case. As noted by Counsel, Kaplan refused a blood test following his arrest in 2018, and there was no test result to suppress based on *Birchfield*'s specific holding that "motorists cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." *See Birchfield*, 579 U.S. at 477. Furthermore, nothing in the record indicates that the Commonwealth sought a mandatory minimum sentence or an increased grading of the DUI count due to Kaplan's refusal to take a blood test. Rather, as noted by the PCRA court, the parties agreed to amend the DUI count to a second-degree misdemeanor, and the grading of the DUI count was based solely on Kaplan's prior offenses, not his refusal of a blood test.[9]

---

[9] When Kaplan committed the offense and entered his plea, the DUI count to which he pleaded guilty, namely, a violation under section 3802(a)(1) as a
*(Footnote Continued Next Page)*

Significantly, the record also establishes that Kaplan was properly advised of the sentencing consequences of his decision to plead guilty to the DUI count. Specifically, Kaplan was apprised of the maximum sentence and fine for a second-degree misdemeanor DUI and advised that the mandatory minimum sentence for the DUI count was ten days in jail and a $500 fine. *See* N.T., 9/26/18, at 6-7; Written Plea Colloquy, 9/26/18, at 3 (unpaginated). These mandatory minimums were consistent with 75 Pa.C.S.A. § 3804(a)(3), which applied based only on prior offenses, and not a refusal to submit to testing. *Compare* 75 Pa.C.S.A. § 3804(a) (setting forth mandatory minimum sentences for DUI—general impairment as first, second, or third and subsequent offenses) *with id*. § 3804(c) (setting forth mandatory minimum sentence based, in relevant part, on refusals of testing).

Thus, our independent review reveals no abuse of discretion or error in the PCRA court's conclusions that because ***Birchfield*** had no application in Kaplan's case, Kaplan's assertion that plea counsel either failed to or should have advised him of ***Birchfield*** lacked merit. Accordingly, Kaplan's ineffective

---

third offense, could have constituted a first-degree misdemeanor based on his refusal of a blood test. *See* 75 Pa.C.S.A. § 3803(b)(4) (effective October 2014 to December 2018) (stating that "[a]n individual who violates section 3802(a)(1) where the individual refused testing of blood or breath or who violates section 3802(c) or (d) and who has one or more prior offenses offense commits a misdemeanor of the first degree). However, the second-degree misdemeanor grade of the offense comported with a charge of DUI as a third offense without reference to a refusal of testing. *See id*. § 3803(a)(2) (effective October 2014 to December 2018) (stating that "[a]n individual who violates section 3802(a) and has more than one prior offense commits a misdemeanor of the second degree").

assistance of counsel claim failed, and we agree with Counsel's assessment that there are no meritorious issues in this appeal.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022